**STATE of Tennessee, Petitioner,**

**v.**

**James Lee COLEMAN, Respondent.**

Supreme Court of Tennessee.

Feb. 3, 1975.

David M. Pack, Atty. Gen. and Reporter, Robert H. Roberts, Asst. Atty. Gen., Nashville, for petitioner.

Hughie Ragan, Jackson, for respondent.

## OPINION

COOPER, Justice.

The respondent, James Lee Coleman, was convicted of kidnapping a Tennessee Bureau of Investigation Agent, Thomas J. Blackwell, and was sentenced to serve not less than two nor more than ten years in the penitentiary. The Court of Criminal Appeals, with one judge dissenting, reversed the conviction on the ground there was nothing in the record to show that respondent had knowingly and intelligently waived his right to counsel. Certiorari to review the holding of the Court of Criminal Appeals was granted on petition by the State of Tennessee.

The record in this cause leaves much to be desired. Several actions of the trial judge are not reflected by the entry of orders and were predicated, at least in part, on information received from the respondent in court appearances other than the one reported in the bill of exceptions. This forces us to try to reconstruct the events relating to appointment of and/or waiver of counsel from the colloquy between the trial judge and the respondent on trial of the case. At best, a poor substitute for a proper record.

To set the scene, respondent was indicted on July 24, 1972, for kidnapping. At

the time, respondent was confined in the State Penitentiary at Nashville for an offense unrelated to the charge set forth in the indictment.

The trial judge, by order entered on July 26, 1972, set the arraignment date for August 1, 1972, and ordered the warden of the penitentiary to transfer respondent to the Fayette County Jail so that he could be present for the arraignment.

An order was entered on August 7, 1972, continuing the case until November 30, 1972.

On November 22, 1972, the trial judge again entered an order directing the warden to transfer respondent to the Fayette County Jail so he could be present in the circuit court on November 30, 1972, for trial on the kidnapping indictment.

The case was tried on December 18, 1972, with respondent acting as his own counsel.

There is no order in the record appointing counsel to represent respondent, nor is there any order in the record relieving appointed counsel of responsibility of representing respondent. However, the colloquy between the trial judge and respondent on the day of trial indicates the trial judge considered respondent to be an indigent and had appointed counsel to represent respondent. Who the counsel were and when they were appointed is not shown in the record. Further, the colloquy indicates that respondent discharged the appointed counsel on two separate occasions. The first time, according to the trial judge, respondent sought to employ private counsel from Shelby County. On respondent being unable to do so, the trial judge reappointed the previously discharged counsel. Defendant discharged counsel the second time, a few days prior to trial. The reason given by defendant, not disputed in the record, was that counsel had said "in so many words that they didn't want to represent [respondent] in this matter." The material part of the colloquy is as follows:

"THE DEFENDANT: Further, I'd like for the record to show that I'm a layman without zeal or training and ask the Court to appoint me counsel, other than counsel from Fayette County, because after conferring with the Court appointed counsel, they told me in so many words that they didn't want to represent me in this matter.

"THE COURT: All right. Anything else?

\*　　\*　　\*　　\*　　\*　　\*

"THE COURT: Let the record show that the charge against the defendant, which he is complaining about a lockup, is kidnapping of an officer when an attempt to arrest him was being made. Further, let the record show that the defendant twice has had Court appointed counsel and he's fired them on both occasions and on the pretense that he appeared before the Court the Court gave him an alternative to proceed counsel that it appointed—two eminently qualified counsel before this bar—and the defendant chose to not use them to fire them after they had investigated this case at some length.

\*　　\*　　\*　　\*　　\*　　\*

"THE COURT: Mr. Attorney General, do you have any statements to make?

"GENERAL ABERNATHY: No, your Honor. I would hope that he had counsel to sit and advise.

"THE COURT: He wants somebody out of Memphis and this Court has no authority to bring in anybody.

Mr. Coleman, I'll ask you one last time: Do you want somebody to sit with you in an advisory capacity?

"THE DEFENDANT: Your Honor, I want to enter a guilty plea.

"THE COURT: I'm not going to let you go into Federal Court or the appellate courts of this State and charge that you were forced into a guilty plea, Mr. Coleman, and I know exactly what you'd

do if you left here if you entered a guilty plea. Now, you can proceed to represent yourself—The Court will still let a lawyer sit with you in an advisory capacity if you want him to.

"THE DEFENDANT: Your Honor, like I aforesaid ---

"THE COURT: Do you want a lawyer to sit with you in this case?

"THE DEFENDANT: I want to enter a guilty plea.

\*    \*    \*    \*    \*    \*

"THE COURT: Let the Court make this statement to the jury. In this case, the Court has previously on two occasions appointed counsel to represent Mr. Coleman in this case. In the first instance, he thought he might be able to hire counsel out of Memphis and the Court assumed he was not able to secure counsel because of lack of funds, so the Court subsequently appointed two other lawyers—not two others, but the same two that he originally appointed to represent this defendant and a few days ago, the defendant advised the Court that he wished to represent himself and release these attorneys as counsel. So, this morning we're faced with the proposition of him representing himself and you've heard the charges read to him and that he has entered a guilty plea."

■ Every defendant in a criminal case has a constitutional right to assistance of counsel in the preparation and presentation of his defense. Article 1, Section 9, Constitution of Tennessee; Sixth Amendment to the Constitution of the United States. The constitutional provision of this State has been implemented by statute. T.C.A. Sec. 40–2002 provides that every person accused of any crime or misdemeanor is entitled to counsel in all matters necessary for his defense, "as well to facts as to law." And T.C.A. Section 40–2003 provides that if the accused is unable to employ counsel he is entitled to have counsel appointed by the court.

■■ A defendant may waive his constitutional right to be represented by counsel, where such waiver of right to counsel is made competently and intelligently. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); Glasgow v. State, 224 Tenn. 626, 461 S.W.2d 25 (1970); Cogdell v. State, 193 Tenn. 261, 246 S.W.2d 5 (1951), cert. denied, 343 U.S. 951, 72 S.Ct. 1044, 96 L.Ed. 1352 (1952).

In Adams v. United States ex rel. McCann, 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268 (1942), the Court pointed out:

"The right to assistance of counsel and the correlative right to dispense with a lawyer's help are not legal formalisms. They rest on considerations that go to the substance of an accused's position before the law. The public conscience must be satisfied that fairness dominates the administration of justice. An accused must have the means of presenting his best defense. He must have time and facilities for investigation and for the production of evidence. But evidence and truth are of no avail unless they can be adequately presented. Essential fairness is lacking if an accused cannot put his case effectively in court. But the Constitution does not force a lawyer upon a defendant. He may waive his Constitutional right to assistance of counsel if he knows what he is doing and his choice is made with his eyes open. Johnson v. Zerbst, 304 U.S. 458, 468, 469, 58 S.Ct. 1019, 1024, 1025, 82 L.Ed. 1461 (1938).

Recognizing this right of an accused to waive assistance of counsel, the legislature expressly provided in T.C.A. § 40–2015, that:

"No person in this state shall be allowed to enter a plea to an indictment or presentment charging a felony when such person is not represented by counsel, unless such person has in writing expressly waived his right to the assistance of counsel."

And set forth in T.C.A. § 40–2016, the duties of the trial court before and after acceptance of waiver, as follows:

"Before a court shall accept a written waiver of the right to counsel, it shall first advise the accused in open court of his right to the aid of counsel in every stage of the proceedings. The court shall at the same time determine whether or not there has been a competent and intelligent waiver of such right by inquiring into the background experience and conduct of the accused and such other matters as the court may deem appropriate. If a waiver is accepted by the court, such waiver shall be spread upon the minutes of the court and filed with the papers of the cause."

In Hendon v. State, 489 S.W.2d 271, 276 (Tenn.Cr.App.1972), the Court of Criminal Appeals, in an opinion by Judge W. Wayne Oliver, emphasized,

". . . [T]he law is unquestionably and firmly established that before permitting either an affluent or impoverished criminal defendant to proceed to trial without the assistance of counsel, the trial court must first determine, after adequate inquiry and investigation, whether the accused is competent to make the decision to waive assistance by counsel and whether his decision to do so was made understandingly and intelligently. For, 'where a person convicted in a state court has not intelligently and understandingly waived the benefit of counsel and where the circumstances show that his rights could not have been fairly protected without counsel, the Due Process Clause invalidates his conviction * * *' Commonwealth of Pennsylvania ex rel. Herman v. Claudy, 350 U.S. 116, 118, 76 S.Ct. 223, 224, 100 L.Ed. 126; Moore v. State of Michigan, supra [355 U.S. 155, 78 S.Ct. 191, 2 L.Ed.2d 167].

In this case, the record does not reflect the trial judge made the requisite inquiry and investigation to determine whether the respondent intelligently, understandingly and willingly waived the benefit of counsel. Neither does the record indicate the trial judge sought to have respondent sign the written waiver of right to counsel before entering a plea for respondent.

With the record in this state, the Court of Criminal Appeals concluded it could not "speculate on what may or may not have taken place in the trial court in the absence of any record upon which [it could] make a reasonable determination" that respondent knowingly and intelligently waived his right to have counsel represent him in the trial proceedings; and that, as a result, the conviction must be reversed and new trial be granted respondent. We agree with the conclusion of the Court of Criminal Appeals. See Hendon v. State, supra.

The judgment of the Court of Criminal Appeals is affirmed.

FONES, C. J., and HENRY, BROCK, and HARBISON, JJ., concur.