**R. E. SOLOMON, Petitioner,**

v.

**STATE of Tennessee, Respondent.**

Court of Criminal Appeals of Tennessee.

Aug. 20, 1975.

Michael E. Starling, Knoxville, for petitioner.

R. A. Ashley, Jr., Atty. Gen., Etrula R. Trotter, Asst. Atty. Gen., Nashville, Ronald A. Webster, Dist. Atty. Gen., William L. Waters, Asst. Dist. Atty. Gen., Knoxville, for respondent.

O'BRIEN, Judge.

## OPINION

Petitioner was indicted for first degree murder in the Criminal Court of Smith County, Tennessee, and on March 30th, 1971, convicted by jury of voluntary manslaughter. Judgment was entered fixing the sentence at not less than two years nor more than ten years in the State Penitentiary. The judgment was appealed and affirmed by this court on October 17th, 1972, with certiorari being denied by the Supreme Court of this state on January 15th, 1973, and by the United States Supreme Court on May 29th 1973.

During the first part of July, 1974, petitioner was incarcerated at the Knox County Work Release Center pending parole which had been approved with his release date set for October 9th 1974. On July 26th, 1974, petitioner was granted a furlough under the provisions of T.C.A. Sec. 41-356, and, according to his petition, was allowed to go home on July 27th, 1974. He failed to return to the Work Release Center at the appointed time, and was arrested. Subsequently a warrant was issued charging him with "Escape from the Knoxville Com. Release Center where he was serving time for a felony conviction." The warrant indicates petitioner appeared before a General Sessions Court in Knox County where he waived his right to indictment, jury trial, and right to counsel in accordance with T.C.A. Sec. 40 423. The general sessions judge reduced the charge to "escape from jail while serving misdemeanor conviction" and sentenced petitioner to be confined in the Knox County Workhouse for a period of six months.

Petitioner filed an application for writ of habeas corpus alleging a denial of due proc-

ess because (1) he was sentenced to three months in the workhouse without appointment of counsel or opportunity to procure his own counsel, (2) he was not given a trial or allowed to enter a plea of any kind, (3) and was not allowed to testify or call witnesses on his own behalf. Counsel was appointed and the petition was amended to further allege the waiver in General Sessions Court was signed after petitioner was sentenced and was involuntary. On the State's motion, the petition was dismissed without a hearing of any kind in the trial court.

On this appeal, assignments of error and brief have been filed by appointed counsel alleging (a) the evidence was not sufficient to support the order sustaining the motion to dismiss the plaintiff's petition; (b) the court erred in ruling that the habeas corpus petition was premature.

A brief and assignments of error have also been filed by a "Jail House Lawyer" on behalf of petitioner contending (c) petitioner could not be charged with escape while on an authorized furlough; (d) petitioner was improperly arrested and charged with escape more than twenty-four hours before any warrant or complaint had been issued; (e) his waiver of counsel in the General Sessions Court was done after his conviction without being informed of his right to counsel, and was therefore unconstitutional.

The order of the trial court sustaining the state's motion to dismiss sets out that the trial judge found from the *evidence presented* (emphasis added) that petitioner was convicted in the General Sessions Court of escape from the Knoxville Work Release Center while serving a felony sentence; that petitioner entered a written waiver of grand jury investigation indictment, trial by jury, and right to legal counsel in the General Sessions Court proceedings; entered a plea of guilty under the provisions of T.C.A. Sec. 40-423, and was properly sentenced to the Knox County Penal Farm for six months to be served on the expiration of his prior sentence. The trial court further found that petitioner would not be entitled to immediate release because of the remainder of the sentence pending on his previous conviction, and that an evidentiary hearing was unwarranted.

■ There is error in this case which begins with the action of the General Sessions Court judge who reduced the charge in the warrant issued for defendant from a felony to a misdemeanor and disposed of the matter by committing the defendant to the Knox County Workhouse for a period of six months.

T.C.A. Sec. 40 423 provides as follows: "Protection of defendants in general sessions courts—Waiver of rights.—It shall be the mandatory duty of the judge of the court of general sessions, when a defendant is brought before such court upon arraignment or trial, to advise such defendant of his constitutional right to be represented by counsel, the right to be tried only upon presentment or indictment by a grand jury, the right to make a statement in reference to the accusation or the right to waive such statement, and the right to a trial by jury. Upon the defendant agreeing in writing to waive the rights to be put on trial only by presentment and indictment by a grand jury, and the right to be tried by a jury of his peers, such court may proceed to hear and determine said case as provided in this section and § 40-118. Said waiver shall be written and attached to the warrant substantially in words and figures as follows:

The defendant, _____, pleads guilty (not guilty) to the offense of _____, and waives his right to be tried only by indictment or presentment preferred by a grand jury and likewise waives trial by a jury of his peers.

_____
Signature

Attest:_____
Clerk or Judge"

It appears from the copy of the warrant attached to the criminal court judge's order

dismissing the petition for writ of habeas corpus that the waiver contained in the warrant is not attested by either the clerk or the judge of the General Sessions Court as prescribed by the statute. More important, T.C.A. Sec. 40 423 only provides that court may proceed to hear and determine a case as set forth in that section and in Sec. 40 118, which reads as follows:

"Jurisdiction of general sessions courts.— In addition to the jurisdiction of justices of the peace in criminal cases as conferred in § 16 1104, the court of general sessions is hereby vested with jurisdiction to try and determine and render final judgment in all misdemeanor cases brought before said court by warrant or information wherein the person charged with such misdemeanor enters a plea of guilty in writing or requests a trial upon the merits and expressly waives an indictment, presentment, grand jury investigation and jury trial, such waiver to be in writing as provided in § 40 423. In such cases the trial shall proceed before the court without the intervention of a jury, and the court shall enter such judgment, and, as an incident thereto, may inflict such punishment within the limits provided by law for the particular offense, as the court may determine proper under the peculiar circumstances of such case, but nothing herein shall be construed to grant such court the power to impose a fine in excess of fifty dollars ($50.00) upon any citizen of this state and the court shall have no jurisdiction of the trial of misdemeanors for which the minimum punishment is a fine of more than fifty dollars ($50.00)."

T.C.A. Sec. 40 423 is a procedural statute prescribing the mandatory duty of the general sessions judge to advise a defendant brought before the court of his constitutional rights. It authorizes the court to hear cases as provided in Sec. 40 118, which vests jurisdiction in the court of general sessions to try, and render final judgment *in all misdemeanor cases* where the person charged with such misdemeanor enters a plea of guilty in writing, or requests a trial upon the merits and expressly waives indictment, etc.

The general sessions judge did not have jurisdiction in this case to do more than hold a preliminary examination to determine if there was probable cause to believe defendant was guilty of the charged offense, and if so to bind him over for appropriate action by the grand jury. T.C.A. Sec. 39 3802 sets out specifically as follows:

"Escape or attempt to escape from penitentiary—Penalty.—If any inmate serving a term under the direct or indirect custody and supervision of the department of correction, or other state division or agency, or on furlough granted pursuant to § 41 356, shall escape or attempt to escape, he shall be indicted for an escape, and on conviction, be punished by imprisonment in the penitentiary for a term of one (1) to five (5) years to commence from and after the expiration of the original term."

There is nothing to be found in any statute conferring the jurisdiction on general sessions judges of this state authorizing them to reduce the charge and assess a penalty as was done in this case. *Dunbar v. State,* 4 Tenn.Cr.App. 310, 470 S.W.2d 846.

In the order sustaining the motion to strike and dismiss the petition for writ of habeas corpus, the trial judge refers to T.C.A. Sec. 40 3809 and apparently considered this matter under the provisions of the Post-Conviction Procedure Act. We have previously restated the material parts of the trial court's order dismissing the petition. The most pertinent reference is that the court's findings were based on the evidence presented. We have no evidence before us of the events which took place in the general sessions court on the original conviction, nor, so far as this record indicates, did the trial judge. We are at the same disadvantage regarding what may or may not have taken place in the trial court in the absence of any record upon which we can make a reasonable determination. As

we said in *Hendon v. State,* (Tenn.Cr.App.), 489 S.W.2d 271:

"And in *Snell v. United States,* 174 F.2d 580 (10 Cir. 1949), from which our Supreme Court quoted approvingly in *Cogdell v. State* [193 Tenn. 261, 246 S.W.2d 5], supra, and in *Glasgow v. State* [224 Tenn. 626, 461 S.W.2d 25], supra, the Court said:

'The right to the assistance of counsel is one of substance, and it is not satisfied by mere legalistic formality. *Willis v. Hunter,* 10 Cir., 166 F.2d 721, certiorari denied, 334 U.S. 848, 68 S.Ct. 1499, 92 L.Ed. 1772; *Fields v. Hunter,* 10 Cir., 167 F.2d 547. It is the duty of the trial judge before whom a defendant appears without counsel to make a thorough inquiry and to take all steps necessary to insure the fullest protection of the constitutional right at every stage of the proceedings. That protecting duty imposes upon the trial judge the responsibility of determining whether there is an intelligent and competent waiver by the accused. To discharge that duty, the court must investigate as long and as thoroughly as the circumstances of the case reasonably demand. The fact that an accused may state that he is informed of his right to counsel and desires to waive such right does not automatically end the responsibility of the court. *Von Moltke v. Gillies,* 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309.'"

Our Supreme Court said in *State v. Coleman,* Tenn., 519 S.W.2d 581: "A defendant may waive his constitutional right to be represented by counsel, where such waiver of right to counsel is made competently and intelligently." The citations following that comment in *State v. Coleman,* supra, are an excellent source of authority on that point.

■ The trial judge was correct in his analysis of the condition of the law in this state in reference to the prematurity of the petition. This court said in *Pulley v. Hunt,* 1 Tenn.Cr.App. 278, 440 S.W.2d 622, that where a respondent's right to detain under valid sentences is not challenged, a petitioner would not be entitled to immediate release even if the challenged sentence was void, citing *Ussery v. Avery,* 222 Tenn. 50, 432 S.W.2d 656 as authority for this rule. This is the present state of the law in Tennessee which seems to be somewhat eroded by the United States Supreme Court decisions in *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439; *Peyton v. Rowe,* 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426.

■ It is apparent his honor the trial judge should have granted an evidentiary hearing, however, to remand the case at this stage of the proceedings for an evidentiary hearing would not resolve its expeditious conclusion. We have determined that the general sessions judge was in error in reducing the charge and assessing the penalty which he did. Having made this determination an evidentiary hearing could only delay matters. The trial judge can find no more than we have already determined to be the law of the case. There is no bar to a retrial in a proper forum. *State ex rel. Underwood v. Brown,* 193 Tenn. 113, 244 S.W.2d 168; *Stubbs v. State,* 216 Tenn. 567, 393 S.W.2d 150; *State ex rel. Austin v. Johnson,* 218 Tenn. 433, 404 S.W.2d 244; *Dunbar v. State,* supra. Therefore, the case is remanded to the Criminal Court of Knox County with directions to remand to the Court of General Sessions for Knox County, Tennessee, for appropriate action in accordance with T.C.A. Sec. 39 -3802

RUSSELL and DUNCAN, JJ., concur.