# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
### November 8, 2012 Session Heard at Memphis

## EDDIE C. PRATCHER, JR. v. METHODIST HEALTHCARE MEMPHIS HOSPITALS ET AL.

**Appeal by Permission from the Circuit Court for Shelby County**
**No. CT-0070011-00       Donna M. Fields, Judge**

---

**No. W2011-01576-SC-S09-CV - Filed June 28, 2013**

---

The primary issue in this interlocutory appeal is whether the Tennessee health care liability statute of repose, Tenn. Code Ann. § 29-26-116(a)(3) (2012) ("the statute of repose"), is an affirmative defense under Tenn. R. Civ. P. 8.03, that is waived if not raised in a timely manner. Sandra Y. Jones Pratcher died following complications that arose on December 4, 1999, when she received anesthesia before undergoing a cesarean section. On December 1, 2000, her husband, Eddie C. Pratcher, Jr., ("Plaintiff") filed suit against various health care providers, including Consultants in Anesthesia, Inc. ("Defendant") and one of its nurse anesthetists. Plaintiff alleged that Defendant, which contracted with the hospital to provide anesthesia services to its obstetric patients, was vicariously liable for the negligent acts of its nurse anesthetist. Plaintiff amended his complaint on March 3, 2006, to assert that Defendant was also vicariously liable for the negligent actions of its corporate owner and president, Dr. Chauhan, who was on call on December 4, 1999, but failed to come to the hospital to administer anesthesia to Plaintiff's wife. Plaintiff amended his complaint two more times and each time asserted that Defendant was vicariously liable for the negligent acts of Dr. Chauhan. Defendant did not raise the statute of repose as a defense to the vicarious liability claim based on Dr. Chauhan's alleged negligence. After the jury returned a verdict for all defendants, the trial court set aside the verdict based on an error in the verdict form and its disapproval of the verdict as thirteenth juror. After the trial court granted a new trial as to all parties, Defendant moved to dismiss the case based on the statute of repose and to amend its answer to assert a statute of repose defense. The trial court ruled that Defendant had waived the statute of repose defense and denied the motions. We hold that (1) the running of the statute of repose does not deprive the trial court of subject matter jurisdiction; and (2) as Rule 8.03 explicitly states, the statute of repose is an affirmative defense. Defendant failed to timely raise the statute of repose as an affirmative defense. Therefore, the trial court did not abuse its discretion by denying Defendant's post-trial motion to amend its answer to assert the statute of repose as a defense. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Circuit Court Affirmed; Case Remanded to the Circuit Court**

SHARON G. LEE, J., delivered the opinion of the Court, in which GARY R. WADE, C.J., and JANICE M. HOLDER and CORNELIA A. CLARK, JJ., joined. WILLIAM C. KOCH, JR., J., filed a dissenting opinion.

Robert A. Talley, Kenneth Shuttleworth, and Jessica M. Hackett, Memphis, Tennessee, for the appellant, Consultants in Anesthesia, Inc.

Randall L. Kinnard and Daniel L. Clayton, Nashville, Tennessee; Steven R. Walker, Oakland, Tennessee, for the appellee, Eddie C. Pratcher, Jr.

**OPINION**

**I.**

On Saturday morning, December 4, 1999, Sandra Y. Jones Pratcher, who was thirty-six weeks pregnant, was feeling ill. After she vomited what appeared to be blood, Plaintiff took her to the emergency room at Methodist Hospital-Central in Memphis.

Mrs. Pratcher was thirty-four years old, weighed 280 pounds, and suffered from hypertension. After being admitted through the emergency room, she was taken to the labor and delivery unit of the hospital. Dr. Alison Mullaly, the resident obstetrician on call, determined that Mrs. Pratcher's blood pressure was high. Dr. Mullaly decided to induce Mrs. Pratcher's labor and deliver the baby. When the baby's heart rate began to fluctuate downward, Dr. Mullaly decided the baby needed to be delivered by cesarean section.

Defendant had an exclusive contract to provide anesthesia services in the obstetrical labor and operating rooms at Methodist Hospital-Central. Defendant agreed to provide its services twenty-four hours a day, seven days a week. After Mrs. Pratcher was taken to the operating room, Irene C. Wadlington, a Certified Registered Nurse Anesthetist employed by Defendant, began preparing for the anesthesia process. Before Mrs. Pratcher's surgery began, Ms. Wadlington was called away to another operating room to assist a patient who was having an emergency cesarean section. Defendant had no other personnel in the hospital to administer Mrs. Pratcher's anesthesia. Dr. Dinesh Chauhan, the owner and president of Defendant, was at his home that Saturday afternoon and evening. When a nurse called him to come to the hospital, Dr. Chauhan indicated that with holiday traffic, he was forty-five minutes away. Dr. Chauhan did not go to the hospital, and instead Dr. Philip Andrew Rojas, an anesthesiologist employed by the Medical Anesthesia Group, was requested to provide

anesthesia for the surgery. Although Dr. Rojas did not work in the labor and delivery operating unit, he agreed to administer anesthesia to Mrs. Pratcher.

Almost immediately after Dr. Rojas administered the first anesthetic drugs to Mrs. Pratcher through an intravenous catheter, she began having respiratory distress. Multiple attempts were made to establish an airway, but Mrs. Pratcher stopped breathing and went into cardiac arrest. An endotracheal tube was inserted and medical staff were able to revive Mrs. Pratcher's heart, but she suffered injuries to her brain from the lack of oxygen. Mrs. Pratcher's doctors successfully delivered Mrs. Pratcher's baby, but Mrs. Pratcher lapsed into a coma and was taken to the intensive care unit. Mrs. Pratcher remained in a coma and died on January 19, 2000.

## II.

On December 1, 2000, Plaintiff, as surviving spouse and next friend of Mrs. Pratcher's three minor children,[1] filed a complaint alleging medical negligence against (1) Methodist Healthcare-Memphis Hospitals ("Methodist Hospital"); (2) Dr. Rojas; (3) Medical Anesthesia Group as the employer of Dr. Rojas; (4) Ms. Wadlington; and (5) Defendant as the employer of Ms. Wadlington.[2] Plaintiff contended that the named defendants' negligence proximately caused his wife's injuries on December 4, 1999, and her death on January 19, 2000. As to Defendant, the complaint specifically asserted a vicarious liability claim based on *respondeat superior* due to the alleged negligence of Ms. Wadlington, Defendant's employee and agent. Initially, Plaintiff did not sue Dr. Chauhan or include a vicarious liability claim against Defendant for any alleged negligence by Dr. Chauhan.

On January 3, 2001, Plaintiff filed an amended complaint, asserting the same allegations against Defendant. Defendant answered the amended complaint on May 30, 2001, denying any negligence and contending that the amended complaint failed to state a claim upon which relief may be granted. Defendant also pleaded the statute of limitations and comparative fault as defenses.

---

[1] The complaint was originally filed by Plaintiff and Mrs. Pratcher's three minor children. Before trial, the trial judge granted a motion to dismiss the minor children, finding they were not proper parties to the lawsuit.

[2] Plaintiff's complaint also named several other defendants who were later nonsuited and are not involved in this appeal.

On December 4, 2002, the statute of repose for health care liability ran on Plaintiff's claims. The statute provides in pertinent part that "[i]n no event shall any such [health care liability] action be brought more than three (3) years after the date on which the negligent act or omission occurred." Tenn. Code Ann. § 29-26-116(a)(3) (2012).

On November 1, 2005, Dr. Rojas and Medical Anesthesia Group filed a motion for leave to file an amended answer, alleging comparative fault against Defendant and Dr. Chauhan. The trial court granted this motion, and Dr. Rojas filed an amended answer on March 15, 2006.

On March 3, 2006, Plaintiff filed a second amended complaint with leave of court, asserting that Defendant was vicariously liable for the negligent acts of Dr. Chauhan and Ms. Wadlington. The amended complaint alleged that Dr. Chauhan failed to come to the hospital on December 4, 1999, when he was needed. Defendant did not answer the second amended complaint and, thus, failed to assert a defense based on the statute of repose.

On April 21, 2006, Plaintiff filed a third amended complaint with leave of court similar to the second amended complaint, alleging Defendant was vicariously liable for the negligence of Dr. Chauhan and Ms. Wadlington. Defendant did not answer the third amended complaint and, thus, again failed to raise a statute of repose defense.

On July 3, 2006, Plaintiff filed a fourth amended complaint with leave of court, alleging Defendant negligently breached its contract with Methodist Hospital because Dr. Chauhan failed to provide anesthesia care. On August 15, 2006, Defendant answered the fourth amended complaint, alleging that the complaint failed to state a cause of action upon which relief could be granted. Defendant's answer did not raise the statute of repose as a defense.

The pretrial order listed the contentions of the parties, including Plaintiff's contention that Ms. Wadlington, Dr. Chauhan, and Defendant were all at fault. A jury heard the case from September 11 to 22, 2006. As a part of his proof, Plaintiff introduced expert testimony that Dr. Chauhan and Ms. Wadlington deviated from the applicable standards of care.

At the close of Plaintiff's proof, the trial judge granted a directed verdict as to the direct negligence of Methodist Hospital. The case proceeded as to Medical Anesthesia Group as the employer of Dr. Rojas, Dr. Rojas, Defendant as the employer of Ms. Wadlington and Dr. Chauhan, and Ms. Wadlington. When jury deliberations began on September 21, 2006, the trial court gave the jury a verdict form that provided in pertinent part:

1. Do you find the Defendants, DR. PHILIP ANDREW ROJAS/MEDICAL ANESTHESIA GROUP, to be at fault?
Answer: _____ (YES or NO)

2. Do you find the Defendants, IRENE C. WADLINGTON, CRNA/CONSULTANTS IN ANESTHESIA, INC. to be at fault?
Answer: _____ (YES or NO)

(. . . If you answered Questions Number 1 and 2 "NO" sign the verdict form and notify the Court Officer.)
. . .

During deliberations, the jury asked the following question about the verdict form concerning Dr. Chauhan: "There is no question on the verdict form that specifically addresses Dr. Chauhan as a separate Defendant. Should there be? Or is Dr. Chauhan synonymous with Consultants in Anesthesia, Inc., in question number two?"

Plaintiff's counsel argued that the trial court should add a third question to the verdict form, asking whether Defendant was at fault for the negligence of Dr. Chauhan. Defendant's counsel countered that the verdict form was sufficient since there was no claim against Dr. Chauhan individually. The trial judge did not change the verdict form but instructed the jurors: "If you find that Dr. Chauhan is negligent, then you must also find Defendant Consultants in Anesthesia Incorporated is negligent."

On September 22, 2006, the jury answered "NO" to both questions, returning a verdict for all of the defendants at trial. Plaintiff filed a motion for a new trial arguing, in part, that the trial court had failed to allow the jury to independently consider the fault of Defendant based on any negligence by Dr. Chauhan. The motion included the affidavit of a juror who said that she and several other jurors believed that Defendant was at fault through the actions and inactions of Dr. Chauhan. She stated: "All of us felt great frustration at not being allowed to answer questions about Consultants in Anesthesia being at fault through Dr. Chauhan, but we were bound by the jury verdict form."[3]

Defendant responded to Plaintiff's motion for a new trial and noted, among other things, that the trial judge had instructed the jury that any negligence of Dr. Chauhan should be imputed to Defendant. At the hearing on the motion for new trial, counsel for Defendant

---

[3] Defendant objected to the affidavit of the juror, arguing it was not proper and should not be considered by the trial court based on Tenn. R. Evid. 606(b). The inclusion of the juror's affidavit is not an issue in this appeal.

argued that "your Honor rightfully re-instructed the jury that [Defendant] admits that Dr. Chauhan is an employee of [Defendant]. If you find that Dr. Chauhan is negligent, then you must also find [Defendant] is negligent."

The trial judge ruled that he had made a "significant error" by not changing the jury verdict form to deal with Dr. Chauhan's alleged negligence. The trial judge granted Plaintiff a new trial as to all defendants because the jury verdict form should have included a question regarding the fault of Defendant acting through Dr. Chauhan. The trial judge also noted that "the Court is not satisfied with the verdict [in its role as thirteenth juror] as it relates to [Defendant] acting through Dr. Dinesh Chauhan." The order for a new trial also directed that a different judge in the Circuit Court for Shelby County preside over the second trial.[4]

On December 19, 2007, Defendant filed a motion for an interlocutory appeal contending that the jury verdict form was adequate and that a second trial was needless. On April 28, 2008, the original trial judge denied the motion for an interlocutory appeal.

On April 15, 2009, Defendant for the first time asserted a statute of repose defense by filing a motion to dismiss any claims arising from the actions of Dr. Chauhan because the statute of repose barred such claims. Defendant relied on the Tennessee Court of Appeals' unpublished decision of *Huber v. Marlow,* No. E2007-01879-COA-R9-CV, 2008 WL 2199827 (Tenn. Ct. App. May 28, 2008), and argued that Plaintiff should not be able "to breathe life into a claim that is plainly extinguished." The basis for Defendant's claim was that the vicarious liability claim against Defendant had been extinguished by agent exoneration based on the running of the statute of repose as to Dr. Chauhan. Plaintiff responded, arguing that the running of the statute of repose is an affirmative defense, which Defendant waived by failing to raise the defense before or during trial. Plaintiff noted that Defendant did not answer the second or third amended complaints, and in its answer to the fourth amended complaint did not assert the statute of repose as a defense.

On October 1, 2010, over four years after the trial, Defendant moved to amend its answer to the fourth amended complaint to include a statute of repose defense. On October 4, 2010, the trial judge[5] entered an order denying Defendant's motion to dismiss on the ground that Defendant waived the right to rely on the statute of repose as a defense. In light of this ruling, the trial court denied Defendant's motion to amend its answer as futile.

---

[4] The judge for the first trial was Judge Robert L. Childers. The case eventually was transferred to Judge Donna M. Fields.

[5] The trial judge at this time was the Honorable Donna M. Fields.

On July 15, 2011, the trial court granted Defendant's motion for permission to seek an interlocutory appeal under Tenn. R. App. P. 9. The Court of Appeals denied Defendant's request for an interlocutory appeal. This Court granted Defendant's application to appeal.

## III.

The issues we address are (1) whether the statute of repose is an affirmative defense under Tenn. R. Civ. P. 8.03 and, if so, whether the statute of repose is generally waived if not timely raised; and (2) whether the trial court abused its discretion in denying Defendant's belated request to rely on the statute of repose as a defense.

There are no material facts in dispute. The issues we review require statutory construction, which presents a question of law that is reviewed de novo without a presumption of correctness. *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 308 (Tenn. 2012); *Estate of French v. Stratford House*, 333 S.W.3d 546, 554 (Tenn. 2011). Similarly, "[i]nterpretation of the Tennessee Rules of Civil Procedure is a question of law, which we review de novo with no presumption of correctness." *Thomas v. Oldfield*, 279 S.W.3d 259, 261 (Tenn. 2009).

The first issue we address is whether the statute of repose is an affirmative defense under Rule 8.03 and, if so, whether the statute of repose is generally waived if not timely raised. Defendant argues that the running of the statute of repose deprives the court of subject matter jurisdiction and, thus, the statute of repose is not an affirmative defense that can be waived. Defendant relies on *Bruce v. Hamilton,* 894 S.W.2d 274 (Tenn. Ct. App. 1993), in which the Court of Appeals dismissed a health care liability lawsuit because it was filed outside of the three-year statute of repose. In *Bruce*, the Court of Appeals explained that the statute of repose is "a substantive provision" that "extinguishes the right itself and divests the . . . court of any subject matter jurisdiction which it might otherwise have." *Id.* at 276 (citing *Cheswold Volunteer Fire Co. v. Lambertson Constr. Co.*, 489 A.2d 413, 421 (Del. 1984)).

*Bruce*, however, is not persuasive. First, we overruled *Bruce* in *Cronin v. Howe*, 906 S.W.2d 910, 913 n.3 (Tenn. 1995), as it related to the interaction of the savings statute with the statute of repose. Second, while the application of a statute of repose bars the claim, it does not divest a court of jurisdiction over the case. As the Washington Court of Appeals explained, a statute of repose "does not affect the court's jurisdiction; rather, statutes of repose, like statutes of limitation, attach to and bar only the claim itself." *In re Estates of Palmer*, 187 P.3d 758, 763 (Wash. App. 2008). Similarly, a Florida appeals court has noted "the [s]tatute of [r]epose cannot be equated with subject matter jurisdiction." *Square D Co. v. State Farm Fire & Cas. Co.*, 610 So. 2d 522, 522 (Fla. Dist. Ct. App. 1992). Statutes of

repose and statutes of limitation do not deprive courts of subject matter jurisdiction. As United States Supreme Court Justice Ginsburg explained: "It is anomalous to classify time prescriptions, even rigid ones, under the heading 'subject matter jurisdiction.'" *Carlisle v. United States*, 517 U.S. 416, 434 (1996) (Ginsburg, J., concurring); *see also Bode v. Minn. Dep't of Natural Res.*, 594 N.W.2d 257, 260 (Minn. Ct. App. 1999) ("A court may very well have the subject-matter jurisdiction to adjudicate the case, but rules of procedure or statutes of repose prevent the exercise of the jurisdiction."). Accordingly, the running of the statute of repose does not deprive the court of subject matter jurisdiction.

Next, Defendant argues that the statute of repose is substantive and is, therefore, an affirmative defense that cannot be waived. The statute provides:

> (3) *In no event* shall any such action be brought more than three (3) years after the date on which the negligent act or omission occurred except where there is fraudulent concealment on the part of the defendant, in which case the action shall be commenced within one (1) year after discovery that the cause of action exists.[6]

Tenn. Code Ann. § 29-26-116(a)(3) (emphasis added).

Defendant emphasizes the unyielding language of the statute through its use of the phrase "in no event." Defendant argues the statute vests a substantive right in a medical provider to be free from suits filed more than three years after a negligent act. We agree that the statutory language provides protection against suits filed more than three years after the negligent act. The statutory language, however, does not authorize Defendant to sit on its hands and not assert the defense. Our rules of procedure require that matters be raised before trial if a party intends to rely on them. To hold otherwise would be to invite parties to lie in wait and, after a long and expensive trial, assert a defense.

Rule 8.03 provides a list of affirmative defenses and dictates how and when they must be raised:

> *In pleading to a preceding pleading*, a party *shall set forth affirmatively facts in short and plain terms relied upon* to constitute accord and satisfaction, arbitration and award, express assumption of risk, comparative fault (including the identity or description of any other alleged tortfeasors), discharge in

---

[6] In addition to the fraudulent concealment exception to the three-year period of repose, the statute contains an exception for cases where a foreign object is negligently left in a patient's body. Tenn. Code Ann. § 29-26-116(a)(4). Neither statutory exception applies here.

-8-

> bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, *statute of repose*, waiver, workers' compensation immunity, and any other matter constituting an affirmative defense.

(Emphasis added). Rule 8.03 was amended effective July 1, 2006, to specifically include the statute of repose and workers' compensation immunity as listed affirmative defenses. *See* Advisory Commission Comment to 2006 Amendment.

As a general rule, a party waives an affirmative defense if it does not include the defense in an answer or responsive pleading. *See* Tenn. R. Civ. P. 12.08; *Estate of Baker v. King*, 207 S.W.3d 254, 265 (Tenn. Ct. App. 2006) (noting that "affirmative defenses that are not properly raised are waived"); *Thompson, Breeding, Dunn, Creswell & Sparks v. Bowlin*, 765 S.W.2d 743, 744 (Tenn. Ct. App. 1987) (citing Tenn. R. Civ. P. 12.08); *see also Allgood v. Gateway Health Sys.*, 309 S.W.3d 918, 925 (Tenn. Ct. App. 2009) (identifying insufficiency of process as an affirmative defense that must be included in the answer or waiver will result); Lawrence A. Pivnick, *Tennessee Circuit Court Practice*, § 12.4 (2012) ("An affirmative defense generally must be asserted in an answer . . . ."); Donald F. Paine, *The Need to Plead Affirmative Defenses*, 45 Tenn. B.J. 33, 33 (Sept. 2009) ("Affirmative defenses are speed traps. Plead them or pay the penalty."). This rule, however, is not rigid and inflexible because trial judges have wide latitude to allow a defendant to amend its answer before trial. *Biscan v. Brown*, 160 S.W.3d 462, 471 (Tenn. 2005) ("The rules relating to amendment of pleadings are liberal, vesting broad discretion in the trial court.").

Conflicts between provisions of the Tennessee Rules of Civil Procedure and Tennessee statutes which cannot be harmonized are resolved in favor of the Rules of Civil Procedure. Tenn. Code Ann. § 16-3-406 (2009) ("After the rules have become effective, all laws in conflict with the rules shall be of no further force or effect."); *Mid-South Pavers, Inc. v. Arnco Constr., Inc.*, 771 S.W.2d 420, 422 (Tenn. Ct. App. 1989). The Rules "shall not abridge, enlarge or modify any substantive right, and shall be consistent with the constitutions of the United States and Tennessee." Tenn. Code Ann. § 16-3-403 (2009).

The United States Court of Appeals for the Sixth Circuit recognized the possible tension between the statute of repose and Rule 8.03 in *Montgomery v. Wyeth*, 580 F.3d 455 (6th Cir. 2009). In a footnote, the Sixth Circuit wrote that the statute of repose was "probably not" waivable, but then noted the specific language of Rule 8.03 including the statute of repose as an affirmative defense. *Id*. at 468 n.7.

The Tennessee Court of Appeals has not been as ambivalent. It recognized the statute of repose as an affirmative defense in *Woodard v. Gross*, No. W2011-02316-COA-R3-CV,

2012 WL 3893519, at *8 (Tenn. Ct. App. Sept. 10, 2012) ("[A] defendant who relies on an affirmative defense, such as the statute of repose, in a summary judgment motion, must point to undisputed facts that establish the defense."). We implicitly acknowledged the statute of repose as an affirmative defense in *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 6 (Tenn. 2008), when we quoted Rule 8.03's listing of affirmative defenses.

The statute of repose and Rule 8.03 can exist harmoniously. The statute of repose bars a suit brought against a health care provider more than three years after the date of the negligent act, but Rule 8.03 requires that the defense must be asserted as an affirmative defense in the answer or other pleadings before trial. "The failure to assert a claim or defense in a timely manner is deemed a waiver of the right to rely on the claim or defense later in the proceeding." *Rawlings v. John Hancock Mut. Life Ins. Co.*, 78 S.W.3d 291, 300 (Tenn. Ct. App. 2001). "Failure to comply with Rule 8.03 will result in a waiver of the defense." *Allgood*, 309 S.W.3d at 925.

A generic invocation of the words "failure to state a claim" cannot be used as a vehicle to assert an affirmative defense. An affirmative defense must be "specifically pleaded." *George v. Bldg Materials Corp. of Am.*, 44 S.W.3d 481, 486 (Tenn. 2001). Rule 8.03 clearly contains a "specificity requirement." *Allgood,* 309 S.W.3d at 925. Rule 8.03 requires that a party "set forth affirmatively facts in short and plain terms relied upon to constitute . . . [a] statute of repose" defense. "Conclusory allegations" do not satisfy the specificity requirements of Rule 8.03. *ACG, Inc. v. Se. Elevator*, *Inc.*, 912 S.W.2d 163, 170 (Tenn. Ct. App. 1995); *see also In re Estate of Brown*, __S.W.3d__, No. E2011-00179-SC-R11-CV, 2013 WL 1173935, at *4 (Tenn. Mar. 22, 2013) ("[U]nlike challenges to subject matter jurisdiction which cannot be waived, defenses based on the statute of limitations are affirmative defenses that can be waived unless they are specifically pleaded."); *George*, 44 S.W.3d at 487 ("The specific pleading requirements of [Rule] 8.03 are designed to prevent trial by ambush. . . .").

A leading purpose of the Tennessee Rules of Civil Procedure is to ensure the "just, speedy and inexpensive determination of every action." Tenn. R. Civ. P. 1. Raising the statute of repose defense for the first time more than three years after the expiration of the statute of repose, the filing of the second, third, and fourth amended complaints, and after a multi-week trial, is not "just, speedy and inexpensive." Rather, it is the epitome of "undue delay" and results in needless and protracted litigation.

Defendant focuses on the designation of the statute of repose as substantive instead of procedural. Some of our prior decisions have placed great emphasis on this

-10-

distinction. This Court, in a divided 3-2 opinion,[7] relied on the substantive nature of statutes of repose to overrule two prior decisions and find that "a plaintiff's minority does not toll the statute of repose." *Calaway ex rel. Calaway v. Schucker*, 193 S.W.3d 509, 517 (Tenn. 2005). However, the procedural/substantive distinction is not always "the decisive factor." *Cronin,* 906 S.W.2d at 914. In *Cronin*, we harmonized the statute of repose with the savings statute[8] to allow a plaintiff to rely upon the savings statute to nonsuit and then refile a medical negligence lawsuit outside of the three-year statute of repose. We held this to be the case even though both the nonsuit and the refiling occurred outside the three-year period. *Id*. at 914-15. Similarly, in this case, we have found that a harmonious construction exists between the health care liability statute of repose and Rule 8.03. The statute of repose bars a suit brought against a principal health care provider more than three years after the date of an agent's negligent act, but the defense must be asserted as an affirmative defense in pleadings before trial.

The designation of the statute of repose as "substantive" does not provide talismanic immunity from fundamental rules of civil procedure. Some jurisdictions have focused on the substantive nature of statutes of repose and determined they cannot be waived. The Arkansas Supreme Court held that a statute of repose is not an affirmative defense and can be raised on appeal. *Ray & Sons Masonry Contractors, Inc. v. U.S. Fid. & Guar. Co.*, 114 S.W.3d 189, 219 (Ark. 2003). The Delaware Supreme Court determined a statute of repose "may not be waived and may be raised at any time during the proceedings." *Cheswold,* 489 A.2d at 421.[9] The Pennsylvania Supreme Court similarly determined "a statute of repose is not waived if not pled as an affirmative defense, and may be raised for the first time in a motion for nonsuit, directed verdict, or judgment n.o.v." *Vargo v. Koppers Co*., 715 A.2d 423, 425 n.1 (Pa. 1998). However, those jurisdictions, unlike Tennessee, do not have a rule of civil procedure that specifically lists the statute of repose as an affirmative defense.

Jurisdictions that treat statutes of repose as affirmative defenses, as Tennessee does, have determined that they can be waived. The Texas Supreme Court has explained, "[A]s

---

[7] Justice Holder, joined by then-Chief Justice E. Riley Anderson, dissented, noting that in 1858, a legal disability statute providing tolling for minors was enacted. She concluded that Tenn. Code Ann. § 28-1-106 "tolls the medical malpractice statute of repose during the plaintiff's minority." *Calaway ex rel. Calaway v. Schucker*, 193 S.W.3d 509, 521 (Tenn. 2005) (Holder, J., dissenting).

[8] Tenn. Code Ann. § 28-1-105(a) (2000).

[9] The Delaware Supreme Court cautioned, however, that the statute of repose defense "should be raised promptly as a matter of fair notice" under court rules. *Cheswold*, 489 A.2d at 421-22.

an affirmative defense, the statute of repose is only available to parties that properly raise it in the trial court." *Fed. Deposit Ins. Corp. v. Lenk*, 361 S.W.3d 602, 609 (Tex. 2012). Significantly, this Texas high court reached this result even though it considered the statute of repose to be a "substantive definition of rights." *Id*. Although an Illinois health care liability statute contained "in no event" language similar to Tennessee's, a state appeals court found that "statutes of repose are affirmative defenses subject to forfeiture." *McRaith v. BDO Seidman, LLP*, 909 N.E.2d 310, 327 (Ill. App. Ct. 2009). The court explained, "The pertinent Illinois statutes and authority . . . do not support an interpretation of the 'in no event' language as mandatory." *Id*. at 323. Instead, the court noted that the legislature had enacted exceptions that tolled various statutes of repose, such as cases of fraudulent concealment. The Alabama Supreme Court ruled that a bank waived its affirmative defense of the statute of repose in a case involving the payment of unauthorized checks. *Pinigis v. Regions Bank*, 942 So. 2d 841, 847 (Ala. 2006). A Colorado appeals court determined that a statute of repose in real property cases was an affirmative defense that a defendant needed to raise "in a timely manner." *Dunton v. Whitewater W. Recreation Ltd.*, 942 P.2d 1348, 1351 (Colo. App. 1997). Some secondary sources also explain that statutes of repose are affirmative defenses that can be waived or forfeited.[10]

Defendant also contends that the application of Rule 8.03 before July 1, 2006, would constitute an impermissible retrospective law in violation of Tenn. Const. Article I, § 20.[11] We find this argument unpersuasive. Defendant notes that the statute of repose ran in December 2002—well before the amendment to Rule 8.03 became effective in July 2006. Under Defendant's reasoning, the Court should not allow a rule that went into effect in 2006 to apply to earlier conduct. This ignores the fact that the statute of repose was an affirmative defense prior to the adoption of the 2006 amendment to Rule 8.03. Before the 2006 amendment, the statute of repose was included in the rule's catch-all language—"any

_____

[10] 54 C.J.S. *Limitations of Actions* § 28, Statutes of Repose ("Statutes of repose are affirmative defenses subject to forfeiture if not asserted."); 16 David K. DeWolf and Keller W. Allen, *Washington Practice Series: Tort Law and Practice*, § 9.1.50 (3d ed. 2012) ("Although it is based in different policy considerations and operates differently from a statute of limitations, a statute of repose is still an affirmative defense; unless the defendant properly and timely asserts the defense, a plaintiff may still be allowed to recover on the merits of the claim."); Robin Miller, Annotation, *Effect of Fraudulent or Negligent Concealment of Patient's Cause of Action on Timeliness of Action Under Medical Malpractice Statute of Repose*, 19 A.L.R. 6th 475, § 3 (2006) ("In most jurisdictions, the defense of repose is an affirmative defense on which the defendant bears the burden of proof at trial."); Jay M. Zitter, Annotation, *Validity and Construction of Statute Terminating Right of Action for Product-caused Injury at Fixed Period After Manufacture, Sale or Delivery of Product*, 30 A.L.R. 5th 1, § 2(b) (1995) ("As with any other type of affirmative defense, the defendant may waive the enforcement of the statute of repose.").

[11] Tenn. Const. art. I, § 20 provides: "That no retrospective law, or law impairing the obligation of contracts, shall be made."

other matter constituting an affirmative defense." Donald F. Paine, a learned commentator and respected member of the Advisory Commission on the Rules of Practice and Procedure, explained: "These defenses [statute of repose and workers' compensation immunity] were formerly encompassed by the language 'any other matter constituting an affirmative defense.'" Donald F. Paine, *The 2006 Rule Amendments*, 42 Tenn. B.J. 29, 29 (July 2006).

On several occasions prior to the 2006 amendment to Rule 8.03, Tennessee appellate courts described the health care liability statute of repose as an affirmative defense. *See Biscan*, 160 S.W.3d at 486 (Drowota, C.J., concurring in part and dissenting in part) ("The tortfeasors . . . were protected from liability by an affirmative defense—a statute of repose—not by a statute granting blanket immunity."); *Hawk v. Chattanooga Orthopaedic Grp. P.C.*, 45 S.W.3d 24, 28 (Tenn. Ct. App. 2000) ("It is clear that the bases of their dismissal motion are the affirmative defenses of the statute of limitations and the statute of repose."); *Mayers v. Miller Med. Grp.*, No. 01A01-9802-CV-00101, 1998 WL 848095, at *2 (Tenn. Ct. App. Dec. 8, 1998) ("As affirmative defenses, all defendants pleaded . . . the three year statute of repose provided by Tennessee Code Annotated section 29-26-116(3)."). Because we find that the statute of repose was an affirmative defense under Rule 8.03 even before its explicit listing in 2006, we need not address in more depth Defendant's argument under the Tennessee Constitution regarding retrospective laws.

Defendant argues that a ruling that Rule 8.03 is an affirmative defense and can be waived if not timely asserted would violate the separation of powers doctrine under Tenn. Const. art. II, § 2.[12] This is unpersuasive. "Only the Supreme Court has the inherent power to promulgate rules governing the practice and procedure of the courts of this state." *State v. Mallard*, 40 S.W.3d 473, 481 (Tenn. 2001). The General Assembly ratifies and approves changes to the rules of civil procedure. Furthermore, there is nothing unconstitutional about applying the concept of waiver to defendants in health care liability suits who fail to raise affirmative defenses in a timely manner—particularly those defendants who repeatedly fail to assert the defense before trial. This is not a novel concept in American jurisprudence. The legal system routinely allows criminal defendants to waive the most fundamental of

---

[12] Tenn. Const. art. II, § 2 provides: "No person or persons belonging to one of these departments shall exercise any of the powers properly belonging to either of the others, except in the cases herein directed or permitted."

constitutional rights including the constitutional right to a jury trial,[13] the assistance of counsel,[14] and the right to a "constitutionally qualified judge."[15]

Defendant contends that declaring the statute of repose to be an affirmative defense (as Rule 8.03 does in clear language) will unleash a "multitude" of frivolous lawsuits. We find this argument unpersuasive. Earlier this year, we rejected a similar argument when we held that a due process claim could toll the statute of limitations under the Tennessee Post Conviction Procedure Act of 1995. *State v. Whitehead*, __ S.W.3d __, No. W2010-00784-SC-R11-PC, 2013 WL 1163919, at *14 (Tenn. Mar. 21, 2013) ("We do not expect this slight adjustment in our jurisprudence to open the floodgates of due process tolling."). We anticipate that when the statute of repose is applicable, defense counsel will promptly assert it.

We hold that the statute of repose is an affirmative defense that is generally waived if not timely raised. Defendant argues that, under the facts of this case, waiver is not appropriate. At oral argument before this Court, counsel for Defendant asserted that the delay in raising the statute of repose defense was because the law regarding the liability of a principal for the acts of an agent in a health care liability case was "not really decided" until the Tennessee Court of Appeals issued its unpublished decision in *Huber v. Marlow,* No. E2007-01879-COA-R9-CV, 2008 WL 2199827 (Tenn. Ct. App. May 28, 2008). In *Huber*, the plaintiffs filed a suit against Dr. Douglas Marlow and his employer, Internists of Knoxville, PLLC, for the wrongful death of the plaintiffs' mother. More than three years after the alleged negligent act, the plaintiffs amended their complaint to assert a new vicarious liability claim against Internists of Knoxville based on the alleged negligence of Dr. David Rankin, a non-party doctor employed by Internists of Knoxville. *Id*. at *1. Internists of Knoxville promptly asserted the statute of repose as a defense and argued it could not be held liable for the alleged negligent acts of Dr. Rankin when Dr. Rankin had not been sued and the three-year statute of repose had run as to him. After the trial court granted summary judgment as to Dr. Marlow, the sole theory of liability as to Internists of Knoxville was the vicarious liability claim based on the alleged negligence of Dr. Rankin. The trial court granted Internists of Knoxville summary judgment. *Id*. at *2. On interlocutory appeal, the Court of Appeals affirmed, ruling that the statute of repose had extinguished the plaintiffs' claim against Dr. Rankin, the non-party employee. Internists of Knoxville, the employer, could not be held liable for medical negligence based solely on the

---

[13] *Seale v. Luttrell*, 221 Tenn. 548, 555-56, 428 S.W.2d 312, 315 (1968).

[14] *State v. Coleman*, 519 S.W.2d 581, 583 (Tenn. 1975).

[15] *State v. Blackmon*, 984 S.W.2d 589, 590 (Tenn. 1998).

negligence of a non-party defendant when the right of action against the employee had been extinguished by operation of law. *Id.* at *5.

The Tennessee Court of Appeals in *Huber* relied on this Court's decision in *Johnson v. LeBonheur Children's Med. Ctr.*, 74 S.W.3d 338 (Tenn. 2002). In *Johnson*, we explained that "a principal may not be held vicariously liable under the doctrine of respondeat superior based upon the acts of its agents . . . when the right of action against the agent is extinguished by operation of law." *Id.* at 345. This Court reiterated the principles of *Johnson* a year later in *Shelburne v. Frontier Health*, 126 S.W.3d 838, 844-45 (Tenn. 2003).

In *Huber*, as in the case before us, the right of action against the agent was extinguished by operation of the statute of repose. Therefore, there was no basis to hold the principal liable under the doctrine of *respondeat superior*. But the defendant in *Huber* asserted the statute of repose before trial. In the instant case, Defendant did not. Unlike the defendant employer in *Huber*, Defendant took the position during trial and even during arguments on Plaintiff's motion for a new trial that Defendant would be liable if Dr. Chauhan was found negligent. A key portion of the September 2006 trial focused on Dr. Chauhan's alleged failure to meet the standard of care.

This is not the first time we have reviewed a trial court's decision to deny a motion to amend pleadings to assert an affirmative defense late in the proceedings. In *George*, we affirmed a trial court's decision to deny a defendant's post-trial motion for leave to amend its answer to assert a statute of limitations defense. The defendant first raised the statute of limitations defense in a pre-trial brief, eight months after the defendant had filed its answer. 44 S.W.3d at 485-86. At the beginning of the trial, the defendant requested that the pleadings be amended based on Tenn. R. Civ. P. 15.02 to conform to the proof to be presented at trial. The trial court took the matter under advisement and proceeded with the trial. The defendant also filed a post-trial motion to amend its answer under Tenn. R. Civ. P. 15.01, which allows the trial court to grant a motion to amend, noting that "leave shall be freely given when justice so requires." The trial court denied the defendant's motions under both Rule 15.01 and 15.02 as untimely filed. We affirmed the trial court on both respects, finding that the trial court did not abuse its discretion in denying the defendant's request that the pleadings be amended to conform to the proof and in denying the defendant's post-trial motion to amend its answer. We adhered to the time-honored principle that "the determination of whether to allow an amendment to the pleadings is left to the sound discretion of the trial court." *Id*. at 486.

The defendant in *George* had claimed its delay was justified by an unreported workers' compensation panel decision released earlier that year.[16] The trial court found that the defendant's discovery of the unreported workers' compensation panel decision did not justify the defendant's delay in raising the statute of limitations defense until the eve of trial. *Id*. at 487-88. In the case before us, the trial court was not persuaded that *Huber* justified Defendant's delay in asserting the statute of repose defense until three years after the trial. *Huber* followed and applied Tennessee Supreme Court precedent; it was not a new legal development. Moreover, the Court of Appeals issued its decision in *Huber* on May 28, 2008, and denied a petition for rehearing on July 10, 2008. The Defendant did not file its motion to dismiss until April 15, 2009, and its motion to amend its answer until October 1, 2010.

Trial courts have broad authority to decide motions to amend pleadings and will not be reversed absent an abuse of discretion. *Hawkins v. Hart*, 86 S.W.3d 522, 532 (Tenn. Ct. App. 2001). Under the abuse of discretion standard, an appellate court cannot substitute its judgment for that of the trial court. *Williams v. Baptist Mem'l Hosp.*, 193 S.W.3d 545, 551 (Tenn. 2006). Numerous factors guide a trial court's discretionary decision whether to allow a late-filed amendment. Some of these include undue delay, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments and futility of the amendments. *Merriman v. Smith*, 599 S.W.2d 548, 559 (Tenn. Ct. App. 1979). Defendant had repeated opportunities to assert a statute of repose defense. Defendant's conduct fell within the ambit of "undue delay." We hold that the trial court did not abuse its discretion by denying Defendant's post-trial motion to amend its answer.

Tenn. R. Civ. P. 15.01 applies equally to plaintiffs and defendants who seek to amend their pleadings. Our ruling is consistent with previous decisions which have upheld trial court rulings denying late-filed motions to amend. *See Sallee v. Barrett,* 171 S.W.3d 822, 829 (Tenn. 2005) (affirming trial court's denial of plaintiff's motion to amend complaint to add in city as additional defendant); *Parks v. Mid-Atlantic Finance Co.*, 343 S.W.3d 792, 802 (Tenn. Ct. App. 2011) (affirming trial court's denial of plaintiff's motion to amend complaint to add "regurgitation" of previous allegations); *In re Estate of Hawkins,* 224 S.W.3d 675, 685 (Tenn. Ct. App. 2006) (affirming trial court's denial of plaintiff's late-filed motion to amend complaint to add new parties); *Harden v. Danek Med., Inc.*, 985 S.W.2d 449, 454 (Tenn. Ct. App. 1998) (affirming trial court's denial of plaintiff's motion to file third amended complaint in manufacturing defect case); *Hall v. Shelby Cnty. Ret. Bd.*, 922 S.W.2d 543, 546 (Tenn. Ct. App. 1995) (affirming trial court's denial of plaintiff's motion to amend petition);

---

[16] The trial in *George* began on November 20, 1998. The unreported workers' compensation panel decision that the defendant cited as the reason for its late-filed motion was decided on March 30, 1998.

*Welch v. Thuan*, 882 S.W.2d 792, 794-95 (Tenn. Ct. App. 1994) (affirming trial court's denial of plaintiff's motion to amend complaint in medical malpractice action).

Today we clarify that the statute of repose is an affirmative defense that is generally waived if not timely raised. A defendant must assert an affirmative defense in a timely manner to secure the "just" and "speedy" resolution of litigation. Tenn. R. Civ. P. 1. In this case, Defendant did not answer the second and third amended complaints, and Defendant did not plead the statute of repose in its answer to the fourth amended complaint or at any time before trial. Defendant did not raise the statute of repose until 2009. The defense of the statute of repose is not self-executing and unless raised in a pre-trial pleading, it is generally waived. Plaintiff did not have fair notice of this defense, as Defendant never raised it before trial. *Tip's Package Store, Inc. v. Commercial Ins. Managers, Inc.*, 86 S.W.3d 543, 553 (Tenn. Ct. App. 2001) ("It likewise cannot be argued that Plaintiffs had fair notice of this defense because it was never pled or raised by Defendants in the Chancery Court.").

Defendant attempted to revive an affirmative defense that should have been pleaded years earlier. Once an affirmative defense is waived, it is waived. *See Ternes v. Galichia*, 234 P.3d 820, 825 (Kan. Ct. App. 2010) ("Once an affirmative defense is waived it is gone. We find no case law or statute that permits it to be 'unwaived.'"). The trial court did not abuse its discretion in denying Defendant the opportunity to use the statute of repose as a defense in the retrial of this case. Our standard of review of a discretionary decision does not allow us to substitute our judgment for that of the trial court. *Williams*, 193 S.W.3d at 551 (Tenn. 2006). This Court recently determined that even a waived non-affirmative defense may not be raised in a second trial. *See In re Estate of Smallman*, 398 S.W.3d 134 (Tenn. 2013) (finding that the issue of standing was waived during the first trial and was not available to a party during the second trial).

**IV.**

The judgment of the trial court is affirmed. We remand the cause to the trial court for such further action as is necessary, consistent with this opinion. Costs on appeal are assessed to Consultants in Anesthesia, Inc. and its surety, for which execution may issue if necessary.

_____
SHARON G. LEE, JUSTICE

-17-