IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 1, 2018

**ROBERT D. PALMER, JR., ET AL. v. WAYNE ERIC COLVARD, ET AL.**

Appeal from the Chancery Court for Hamilton County
No. 17-0829     Pamela A. Fleenor, Chancellor

_____

No. E2018-00454-COA-R3-CV
_____

This appeal concerns the court's dismissal of the plaintiffs' claims with prejudice because the plaintiffs lacked the capacity to prosecute their complaint as the alleged personal representatives of their father's estate. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J. and FRANK G. CLEMENT, JR., P.J., M.S., joined.

Robert Dean Palmer, Jr. and Suzanne Johnson, Ooltewah, Tennessee, pro se.

Samuel F. Hudson, Dunlap, Tennessee, for the appellee, Wayne Eric Colvard and Wayne Eugene Colvard.

**OPINION**

**I.     BACKGROUND**

This case arises from the death of Robert D. Palmer, Sr. ("Decedent"). Prior to his death, Decedent entered into a contract with Wayne Eric Colvard and Wayne Eugene Colvard (collectively "Defendants") for the sale of his tax preparation business. Decedent's children, Robert Dean Palmer, Jr. and Suzanne Johnson (collectively "Plaintiffs"), filed suit against Defendants in their alleged capacities as personal representatives of Decedent's estate for breach of contract, fraud, and unjust enrichment relating to the sale. The details of the complaint are not at issue in this appeal.

Defendants responded with a motion to dismiss pursuant to Rule 12.02, subsections (6) and (8), of the Tennessee Rules of Civil Procedure, which provides, in part, as follows:

> Every defense, in law or fact, to a claim for relief in any pleading . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion in writing: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19, and (8) specific negative averments made pursuant to Rule 9.01.

Rule 9.01 of the Rules of Civil Procedure provides, in part, as follows:

> When a party desires to raise an issue as to . . . the capacity of any party to sue or be sued or the authority of a party to sue or to be sued in a representative capacity, he or she shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge.

Defendants alleged that Plaintiffs had failed to state a claim upon which relief could be granted and that Plaintiffs lacked the requisite capacity to file suit. Defendants claimed that Plaintiffs had not obtained letters of administration or letters testamentary for the administration of Decedent's estate. Plaintiffs admitted that they were not issued letters testamentary but claimed that such letters were not necessary because the accounts receivable at issue were not in Decedent's will.

Plaintiffs then filed a motion for leave to amend the complaint, adding a second cause of action in which they claimed that the debt at issue was an asset of Decedent's trust. They maintained that they were entitled to file suit as beneficiaries of the trust and that they had the verbal authority from the trustee to file the complaint.

The case proceeded to a hearing, after which the court dismissed the complaint by order, thereby also implicitly denying the motion to amend. Plaintiffs filed a notice of appeal and a statement of the evidence in lieu of filing a transcript from the hearing. Defendants objected to the statement of the evidence, and the case was submitted back to the trial court for ruling on the issue.

Upon remand, the trial court issued a detailed order in which it recounted the substance of the hearing and its findings in support of its order dismissing the case. The

court explained that Plaintiffs lacked the capacity to bring the action when no letters testamentary had been issued and that it found the motion to amend futile because the requested amendment did not cure the deficiency of Plaintiffs' lack of capacity. The court reasoned that even if the debt claimed was an asset of the trust, it is the duty of the trustee to file suit to collect the assets belonging to the trust. The court found Defendants' objections to Plaintiffs' statement of the evidence well-taken because no evidence was admitted or offered at the hearing on the motion to dismiss.

This appeal followed in which Plaintiffs filed a brief raising numerous issues without regard to the Tennessee Rules of Appellate Procedure. Defendants request waiver of the issues presented as a result of the state of the brief. We agree with Defendants that there are a multitude of problems with the brief and that Plaintiffs failed to comply with the requirements. However, we will briefly address the issues raised given Plaintiffs' status as pro se litigants. *See Young v. Barrow,* 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003) ("The courts give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs.").

## II.     ISSUES

We have surmised that Plaintiffs essentially raise the following two cogent issues for this court's review: [1]

A.     Whether the court abused its discretion in denying the motion to amend the complaint.

B.     Whether the court erred in dismissing the complaint with prejudice.

## III.     STANDARD OF REVIEW

The denial of a motion to amend the pleadings lies within the trial court's sound discretion and will not be reversed absent a showing of abuse of discretion. *Pratcher v. Methodist Healthcare Memphis Hosps.,* 407 S.W.3d 727, 741 (Tenn. 2013). However, the grant of a motion to dismiss is subject to a de novo review with no presumption of correctness because we are reviewing the trial court's legal conclusion. *Blackburn v. Blackburn,* 270 S.W.3d 42, 47 (Tenn. 2008); *Union Carbide Corp. v. Huddleston,* 854 S.W.2d 87, 91 (Tenn. 1993).

---

[1] Plaintiffs also allege that the court lacked personal and subject matter jurisdiction. This issue is without merit when Plaintiffs submitted themselves to the jurisdiction of the court by filing the complaint. Further, the chancery court has "exclusive jurisdiction over the probate of wills and the administration of estates of every nature . . . and all matters relating thereto." Tenn. Code Ann. § 16-16-201(a)

# IV. DISCUSSION

## A. & B.

Rule 15.01 of the Tennessee Rules of Civil Procedure provides, in pertinent part, as follows:

> A party may amend the party's pleadings once as a matter of course at any time *before a responsive pleading is served* or, if the pleading is one to which no responsive pleading is permitted and the action has not been set for trial, the party may so amend it at any time within fifteen (15) days after it is served. Otherwise a party may amend the party's pleadings *only by written consent of the adverse party or by leave of court*; and leave shall be freely given when justice so requires.

(Emphasis added.). Plaintiffs in this case were required to request written consent or leave of court to amend the complaint because a responsive pleading had been filed.

Numerous factors guide a trial court's discretionary decision whether to allow a late filed amendment, including undue delay, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, and futility of the amendment. *Pratcher*, 407 S.W.3d at 741 (citing *Merriman v. Smith*, 599 S.W.2d 548, 559 (Tenn. Ct. App. 1979)). Here, the court denied the motion due to the futility of the amendment because the court found that the amendment did not cure Plaintiffs' lack of capacity to file suit. Accordingly, we must address the capacity issue before ruling upon the court's denial of the motion to amend.

Defendants filed a Rule 12.02 motion to dismiss based upon Plaintiffs' failure to obtain letters testamentary prior to filing suit as the personal representatives of Decedent's estate. Tennessee Code Annotated section 30-1-101 provides as follows:

> No person shall presume to enter upon the administration of any deceased person's estate until the person has obtained letters of administration or letters testamentary.

Plaintiffs admitted that they had not obtained the requisite letters of administration or letters testamentary. Instead, they requested leave to amend the complaint to add a second cause of action in which they claimed that the debt at issue was an asset of Decedent's trust. They maintained that they were entitled to file suit as beneficiaries of the trust and that they had the verbal authority from the trustee to file the complaint.

Pursuant to Tennessee Code Annotated section 35-15-816(b)(24), only the trustee may "[p]rosecute or defend an action, claim, or judicial proceeding in any jurisdiction to protect trust property and the trustee in the performance of the trustee's duties" unless the terms of the trust provide otherwise. Therefore, Plaintiffs still lacked the capacity to file suit even if the purported amendment to the complaint had been granted. With these considerations in mind, we affirm the court's implicit denial of the motion to amend and the dismissal of the complaint with prejudice.[2]

## V.     CONCLUSION

We affirm the decision of the trial court and remand for such further proceedings as may be necessary. Costs of the appeal are taxed equally to the appellants, Robert Dean Palmer, Jr. and Suzanne Johnson.

_____
JOHN W. McCLARTY, JUDGE

---

[2] Plaintiffs also take issue with the court's rejection of their statement of the evidence. This issue is rendered moot as a result of our decision affirming the court's dismissal of the complaint.