IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 17, 2021 Session

**F & M BANK v GEORGE RAYMOND FLEMING, JR.**

**Appeal from the Circuit Court for Montgomery County**
**No. 2017-CV-1980  Ross H. Hicks, Judge**
_____

**No. M2020-01086-COA-R3-CV**
_____

Appellant debtor appeals the trial court's decision to find certain affirmative defenses waived, to deny his motion to continue the summary judgment hearing in order to conduct discovery, and to grant summary judgment to the defendant bank. Discerning no reversible error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which KENNY ARMSTRONG and CARMA DENNIS MCGEE, JJ., joined.

Thomas F. Bloom, Nashville, Tennessee, for the appellant, George Raymond Fleming, Jr.

John R. Cheadle, Jr. and Mary Barnard Cheadle, Nashville, Tennessee, for the appellee, F&M Bank.

**OPINION**

**I. FACTUAL AND PROCEDURAL HISTORY**

On September 18, 2017, Plaintiff/Appellee F&M Bank ("the Bank") filed a complaint in the Montgomery County Circuit Court against Defendant/Appellant George Raymond Fleming, Jr. ("Appellant"), relating to an indebtedness secured by a Multipurpose Note and Security Agreement ("the Note"). According to the complaint, Appellant's indebtedness under the Note was $212,857.61, including principal and interest. The Bank further alleged that the loan was past due and payable, that demands for payments had been made and refused, and that there were not "set-offs or counter-claims." The Bank therefore sought a judgment of $212,857.61, plus ongoing interest and attorney's fees. A copy of the Note attached to the complaint reflected that the loan occurred on December

30, 2011, with an original loan amount of $1,587,936.34 and a maturity date of March 29, 2012. The Note further provided that Appellant agreed to grant the Bank a security interest in a number of parcels of real property described in an exhibit to the Note.

On November 22, 2017, counsel for Appellant filed a notice of appearance; therein, he noted that he reserved the right to file a responsive pleading raising affirmative defenses. On November 30, 2017, the Bank filed a motion for default judgment, seeking entry of judgment in the amount set forth in the complaint and attorney's fees. On December 12, 2017, Appellant filed a motion for additional time to file a responsive pleading. The Bank thereafter gave notice that its motion for default judgment would be heard on January 11, 2018. The notice of hearing also stated that the parties had agreed that Appellant had until January 10, 2018 "to file an answer."

Appellant did not file an answer as expected. Instead, on January 9, 2018, Appellant filed a motion for a more definite statement, seeking additional information about what properties were sold to satisfy a portion of the $1,587,936.34 debt, how the properties were sold, and how the proceeds were applied. Appellant also sought information about the demands for payment that were made by the Bank. This information was necessary, Appellant claimed, in order "to determine what affirmative defenses may be available to [Appellant]."

The motion for default judgment was heard on January 11, 2018. During the hearing, counsel for Appellant stated that he would strike his motion for a more definite statement. As a result, the trial court orally ruled that the motion for default judgment would be denied, Appellant's motion for a more definite statement would be stricken, and Appellant would file an answer within ten days of the date of the hearing. The trial court also provided some direction as to Appellant's affirmative defenses:

> You take whatever position is [Appellant's] position with regard to that but then include, subject to raising affirmative defenses, that may become a -- and you can mention the ones that you — you've -- all those you think might have any applicability . . . should those become applicable as discovery proceeds, something to that nature. And then that -- that gets us past the pleading stage and into the discovery stage where this information can be explored.

No written order was entered as to the motion for default judgment or the motion for a more definite statement until years later, when the omission became apparent. As a result, on July 10, 2020, Appellant filed a motion for the trial court to enter an order on those motions nunc pro tunc. The parties thereafter disagreed as to the trial court's ruling with regard to Appellant's affirmative defenses. The Bank asserted that Appellant was ordered to promptly file an answer raising all possible affirmative defenses that may become applicable as discovery proceeds; Appellant asserted that he was permitted to file

- 2 -

available affirmative defenses following a period of discovery. Eventually, the trial court entered an order nunc pro tunc to January 11, 2018, denying the motion for default judgment, striking Appellant's motion for a more definite statement, and ordering Appellant to file an answer. The order entered by the trial court did not specifically mention affirmative defenses.

Eleven days following the hearing, on January 22, 2018, Appellant filed an answer in which he admitted the existence of the Note, denied the other allegations, and reserved all affirmative defenses that might become available based upon discovery or other investigation. The case then became dormant, with no further filings and no discovery occurring.

On January 24, 2020, the trial court issued an order to show cause why the case should not be dismissed for lack of prosecution. In response, on February 12, 2020, Appellee filed a motion for summary judgment. In its attached statement of undisputed material facts, the Bank asserted that Appellant entered into a loan with the Bank, that he failed to pay as promised, that the Note matured on March 29, 2012, and that the amount still due on Appellant's loan was $87,857.61 as of December 27, 2016. The Bank further asserted that the loan documents provide for the continuing accrual of interest and attorney's fees. The statement of undisputed material facts cited the Note, an affidavit of the Bank's attorney as to fees, and an affidavit of the Bank's Vice President Collections Manager.

On April 30, 2020, Appellant filed a motion requesting a postponement of the hearing on the motion for summary judgment so that discovery could proceed under Rule 56.07 of the Tennessee Rules of Civil Procedure, discussed in detail, *infra*. Therein, Appellant asserted that neither party had "begun any discovery" and indicated that such discovery was necessary to determine, inter alia, how the Bank had come to the $87,857.61 figure, when the complaint originally sought $212,857.61. Appellant accompanied his motion with affidavit from himself detailing his own investigation into a foreclosure sale of fourteen separate parcels of Appellant's property on October 21, 2016; documents relating to the foreclosure sale were attached to Appellant's affidavit. Appellant's attorney also filed an affidavit detailing what discovery was necessary to respond to the motion for summary judgment; the information Appellant's counsel claimed was necessary also concerned the foreclosure sale.

On May 1, 2020, Appellant also filed a response in opposition to Appellant's motion for summary judgment, raising procedural arguments against the Bank's motion and again asserting that a continuance should be granted under Rule 56.07. In his response, Appellant set forth his own statement of facts, asserting that this was not a straightforward collection case, but a case to collect a deficiency judgment following a foreclosure, which Appellant

argued implicated Tennessee Code Annotated section 35-5-118.[1] Appellant's statement of facts concerns the procedural history of the case, including the lack of discovery that had occurred, and the foreclosure of certain property under the security agreement. Specifically, Appellant asserted that thirteen of Appellant's properties had been sold at a foreclosure sale, with ten properties being purchased by the Bank and three other properties purchased by another individual. Appellant further asserted that the total consideration paid for the properties sold was $1,273,480.00, while the 2016 fair market value for ad volorem taxes as established by the assessor of Property for Montgomery County for these properties totaled $1,699,600.00. Appellant did not, however, file any response to the Bank's statement of undisputed material facts. The Bank filed a response to Appellant's facts, generally admitting for purposes of summary judgment that Appellant's facts concerning the foreclosures of the properties were correct.

On June 8, 2020, the trial court entered a memorandum opinion denying Appellant's motion to continue and granting the Bank's motion for summary judgment. First, the trial court ruled that Appellant's procedural arguments concerning the Bank's motion for summary judgment were without merit. Second, the trial court found that the motion to continue would be denied because Appellant engaged in no discovery in the two years following the filing of the complaint and waived the affirmative defense of inadequacy of the foreclosure sales price by not raising it in his answer or any subsequent pleadings before the Bank filed its motion for summary judgment. Thus, the trial court ruled that "[a]t this late stage of the proceedings, seeking discovery to explore the possibility that such a defense might exist is simply inadequate to overcome [Appellant's] waiver of this defense and/or the merits of [the Bank's] Motion for Summary Judgment." The trial court further ruled that Appellant's effort to reference the Tax Assessor's valuations of the property was

---

[1] Tennessee Code Annotated section 35-5-118 provides as follows:

(a) In an action brought by a creditor to recover a balance still owing on an indebtedness after a trustee's or foreclosure sale of real property secured by a deed of trust or mortgage, the creditor shall be entitled to a deficiency judgment in an amount sufficient to satisfy fully the indebtedness.

(b) In all such actions, absent a showing of fraud, collusion, misconduct, or irregularity in the sale process, the deficiency judgment shall be for the total amount of indebtedness prior to the sale plus the costs of the foreclosure and sale, less the fair market value of the property at the time of the sale. The creditor shall be entitled to a rebuttable prima facie presumption that the sale price of the property is equal to the fair market value of the property at the time of the sale.

(c) To overcome the presumption set forth in subsection (b), the debtor must prove by a preponderance of the evidence that the property sold for an amount materially less than the fair market value of property at the time of the foreclosure sale. If the debtor overcomes the presumption, the deficiency shall be the total amount of the indebtedness prior to the sale plus the costs of the foreclosure and sale, less the fair market value of the property at the time of the sale as determined by the court.

not sufficient to overcome the presumption that the sales price was fair under Tennessee Code Annotated section 35-5-118(b). Finally, the trial court found that there were no genuine disputes of material fact and that the Bank's motion for summary judgment should be granted. The trial court directed the Bank to prepare an order granting the Bank summary judgment and awarding it attorney's fees.

The trial court's order of summary judgment was entered on July 19, 2020. Therein, the trial court ruled that Appellant was indebted to the Bank in the amount of $87,857.61, plus pre-judgment interest, attorney's fees, and court costs. The trial court entered judgment against Appellant in the amount of $136,513.58, reflecting the loan balance of $87,857.61, prejudgment interest of $26,691.57, and attorney's fees of $21,964.40, which would accrue post-judgment interest at the rate of 6.5 percent per annum. Appellant thereafter appealed to this Court.

## II. ISSUES PRESENTED

Appellant raises the following issues, which are taken from his appellate brief:[2]

1.  Whether the trial court abused its discretion in finding that Appellant waived the affirmative defense of inadequacy of foreclosure sales price and irregularities in the foreclosure sale of collateral.
2.  If so, whether the trial court abused its discretion in denying the request for a continuance in order to conduct discovery in the absence of a showing of prejudice by the moving party.
3.  Whether the trial court erred in granting the motion for summary judgment.

## III. ANALYSIS

### A.

The first question raised by Appellant is whether the trial court erred by ruling that Appellant waived any defenses related to adequacy of the foreclosure sale price and irregularities in the foreclosure. In support, Appellant goes into a detailed re-telling of the procedural history of this case, but admits that "[a]s a general rule, a party waives an affirmative defense if it does not include the defense in an answer or responsive pleading." *Pratcher v. Methodist Healthcare Memphis Hosps.*, 407 S.W.3d 727, 735 (Tenn. 2013). But Appellant argues, this rule must give way "because trial judges have wide latitude to allow a defendant to amend its answer before trial [.]" *Id.* Appellant thereafter cites various cases concerning the liberality of amendments allowed under Tennessee law.

There is one important problem with Appellant's argument on appeal: Appellant

---

[2] Appellant is represented by different counsel in this appeal than represented him in the trial court.

never asked to amend its answer to plead any defense related to inadequacy of the foreclosure price or irregularities in the foreclosure sale. Certainly, Appellant does not appear to dispute that these defenses constitute affirmative defenses under Rule 8.03 of the Tennessee Rules of Civil Procedure. *See generally* **Branch Banking & Tr. Co. v. Hill**, 582 S.W.3d 221, 233–34 (Tenn. Ct. App.), *perm. app. denied* (June 19, 2019), *cert. denied sub nom.* **Rainbow Ridge Resort, LLC v. Branch Banking & Tr. Co.**, 140 S. Ct. 455, 205 L. Ed. 2d 272 (2019) (quoting Tenn. R. Civ. P. 8.03) (holding that 'inadequacy of the foreclosure sales price' under Tennessee Code Annotated section 35-5-118 is a 'matter constituting an affirmative defense,' that is waived where it is not raised in an answer, pre-answer motion, or tried by implied consent). As a result, Appellant was required under Rule 8.03 to "set forth affirmatively facts in short and plain terms relied upon to constitute" these affirmative defenses. "Rule 8.03 clearly contains a 'specificity requirement.'" **Pratcher**, 407 S.W.3d at 736 (quoting **Allgood v. Gateway Health Sys.**, 309 S.W.3d 918, 925 (Tenn. Ct. App. 2009)). "'Conclusory allegations' do not satisfy the specificity requirements of Rule 8.03." **Id.** (quoting **ACG, Inc. v. Se. Elevator, Inc.**, 912 S.W.2d 163, 170 (Tenn. Ct. App. 1995)).

Appellant's answer does less than make conclusory allegations concerning this defense—it makes no allegation of any affirmative defense of any kind. After admitting or denying the allegations of the complaint in a conclusory fashion, Appellant states only the following as to his affirmative defenses: "[Appellant] reserves all affirmative defenses under Tennessee Rules of Civil Procedure 8.03 and any other defenses, at law or equity that may be available now or may become available in the future based on discovery or any other factual investigation in this case." Clearly, this raises no affirmative defense, in either a proper or a conclusory fashion.

Appellant argues that he gave notice of his intended defenses in his motion for a more definite statement, which was filed prior to the filing of his answer. Even assuming, arguendo, that this was a proper method of raising an affirmative defense and that Appellant's own decision to strike this filing does not prevent reliance thereupon, we conclude that Appellant's motion for a more definite statement still did not meet the requirements of Rule 8.03. The only mention of the foreclosure sale in Appellant's motion is the following: "If said properties were sold this Defendant is entitled to all information concerning said sale, how proceeds were applied and an accounting of same." Appellant also states that the Bank "has failed to state what demands for payment, how said payments were communicated, notice of said demands and application of any proceeds from sale of the secured property." Finally, the motion states that due to the allegations in the complaint, Appellant "is unable to determine what affirmative defenses may be available to [Appellant]." Thus, this motion does not contain any specific allegations that could be fairly read to allege that the foreclosure sale price was inadequate or that the foreclosure sale was irregular.[3] Based on the foregoing, we cannot conclude that the trial court erred in

---

[3] Likewise, Appellant's counsel made no specific allegation at the hearing on the motion for default

concluding that Appellant waived his affirmative defenses related to the foreclosure and foreclosure price.

Moreover, we cannot conclude that the trial court abused its discretion in failing to allow an amendment to raise these affirmative defenses. Under Rule 15.01, a defendant who attempts to amend his or her answer more than fifteen days following its filing must do so "only by written consent of the adverse party or by leave of court[.]" Tenn. R. Civ. P. 15.01 ("A party may amend the party's pleadings once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been set for trial, the party may so amend it at any time within 15 days after it is served."); *see also* **Gardiner v. Word**, 731 S.W.2d 889, 891 (Tenn. 1987) (holding that the rule requiring consent or leave of court applied to a defendant's attempt to amend its answer). But Rule 15.01 further provides that "leave shall be freely given when justice so requires."

"Trial courts have broad authority to decide motions to amend pleadings and will not be reversed absent an abuse of discretion. Under the abuse of discretion standard, an appellate court cannot substitute its judgment for that of the trial court." **Pratcher**, 407 S.W.3d at 741 (internal citations omitted). The trial court's decision, however, should be guided by several factors, including, but not limited to, "undue delay, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments and futility of the amendments." *Id.* Appellant contends that he should be allowed to raise his affirmative defenses "at this juncture" because there is no prejudice to the Bank and the Bank allowed the case to lie dormant for several years, leading Appellant to believe it may have been abandoned. Moreover, Appellant asserts that the trial court actually consented to this procedure when it denied the Bank's motion for default judgment and directed Appellant to file an answer to the complaint. In particular, Appellant points to the trial court's oral ruling that Appellant was to file an answer, mentioning affirmative defenses that "should become applicable as discovery proceeds[.]"[4]

While these factors may indeed support a request to amend an answer, they are

judgment that raised alleged irregularities in the foreclosure price or inadequate price with the specificity required by Rule 8.03. *See* **Pratcher**, 407 S.W.3d at 736. In fact, the trial court asked counsel what affirmative defenses he was contemplating, and counsel replied only that there could be issues of offset or estoppel. Moreover, Appellant's counsel conceded that "the affirmative defenses have to be raised at our responsive pleading," but indicated that he wanted to engage in discovery to investigate potential issues.

[4] The Bank, of course, disputes Appellant's characterization of the trial court's oral ruling. According to the Bank's interpretation, the trial court ordered Appellant "to plead all affirmative defenses that [Appellant] might have that are applicable or may become applicable." Although not dispositive here due to Appellant's failure to request amendment of his answer, as discussed *infra*, we note that we generally consider only the trial court's written rulings, not the court's oral pronouncements. *See* **Williams v. City of Burns**, 465 S.W.3d 96, 119 (Tenn. 2015) (citation, quotation marks, and footnote omitted) ("It is well-settled that a trial court speaks through its written orders—not through oral statements contained in the transcripts—and that the appellate court reviews the trial court's written orders.").

simply irrelevant here, where Appellant filed no motion to amend his answer to raise the affirmative defense he now relies upon in this appeal. Thus, even if Appellant is correct that the trial court in some way suggested that Appellant could raise additional affirmative defenses based upon what was revealed in the discovery process, Appellant chose not to engage in any discovery following the trial court's oral pronouncement and never filed any motion to amend his complaint as required by Rule 15.01. Simply put, we cannot discern how a trial court abuses its discretion in failing to grant relief that is not requested of it. The trial court's decision to waive Appellant's defenses related to the alleged irregularities of the foreclosure sale and the allegedly resulting inadequate foreclosure price is therefore affirmed.

**B.**

To the extent that Appellant also challenges the trial court's refusal to stay the Bank's motion for summary judgment pending further discovery,[5] we must also affirm. Under Rule 56.07 of the Tennessee Rules of Civil Procedure,

> Should it appear from the affidavits of a party opposing the motion that such party cannot for reasons stated present by affidavit facts essential to justify the opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

"The purpose of Rule 56.07 is to allow all parties a 'reasonable opportunity' to proffer evidence in support of or opposition to a motion for summary judgment." ***Denton v. Taylor***, No. E2015-01726-COA-R3-CV, 2016 WL 4042051, at *6 (Tenn. Ct. App. July 25, 2016) (citing ***Int'l Merch. Servs., Inc. v. ATM Central, LLC***, No. W2003-00849-COA-R3-CV, 2004 WL 170392, at *4–5 (Tenn. Ct. App., Jan. 27, 2004); ***In re Conservatorship of Starnes***, No. W2013-02614-COA-R3-CV, 2014 WL 6977831, at *8 (Tenn. Ct. App., Dec. 10, 2014)). As we have previously explained,

> [Rule] 56.07 is intended to serve as an additional safeguard against an improvident or premature grant of summary judgment. *Brown v. Mississippi Valley State Univ.*, 311 F.3d 328, 333 n. 5 (5th Cir. 2002); *Price v. General Motors Corp.*, 931 F.2d 162, 164 (1st Cir.1991). While it insures that a diligent party is given a reasonable opportunity to prepare its case, it is not invoked to aid parties who have been lazy or dilatory. 10B CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2741, at 412, 429–31 (3d ed. 1998) ("FEDERAL PRACTICE AND PROCEDURE").

---

[5] Appellant's brief characterizes this issue as "if" he is correct as to his first issue. We have determined that Appellant was not correct as to his first assignment of error. However, we will briefly address this issue.

> Motions under Tenn. R. Civ. P. 56.07 must be accompanied by an affidavit explaining why the non-moving party has not been able to obtain and present the evidentiary material needed to oppose the summary judgment motion. The affidavit need not contain evidentiary facts going to the substantive merits of the case. FEDERAL PRACTICE AND PROCEDURE § 2740, at 397–98.

*Kenyon v. Handal*, 122 S.W.3d 743, 753 n.7 (Tenn. Ct. App. 2003).

We review the trial court's decision to deny a motion for additional time for discovery for an abuse of discretion. *Koczera v. Steele*, No. E2015-02508-COA-R3-CV, 2017 WL 1534962, at *6 (Tenn. Ct. App. Apr. 28, 2017); *Fed. Nat'l Mortg. Assoc. v. Daniels*, No. W2015-00999-COA-R3-CV, 2015 WL 9304278, at *4 (Tenn. Ct. App., Dec. 21, 2015) ("If the nonmoving party seeks to continue a motion for summary judgment by submitting an affidavit requesting additional time for discovery in compliance with Tennessee Rule of Civil Procedure 56.07, we review the trial court's decision to deny additional time for discovery for an abuse of discretion."). "An abuse of discretion occurs when a trial court applies an incorrect legal standard, or reaches a decision which is against logic or reasoning that causes an injustice to the party complaining." *Milan Supply Chain Sols., Inc. v. Navistar, Inc.*, 627 S.W.3d 125, 142 (Tenn. 2021) (internal quotation marks and citation omitted). "[W]hen reviewing a discretionary decision by the trial court, . . . the appellate court should presume that the decision is correct and should review the evidence in the light most favorable to the decision." *Gonsewski v. Gonsewski*, 350 S.W.3d 99, 105–06 (Tenn. 2011).

Appellant contends that the trial court abused its discretion in failing to allow additional discovery because it wrongly focused on Appellant's lack of discovery efforts prior to the motion for summary judgment, rather than his efforts following the filing of the Bank's motion. In support, Appellant cites *Everett v. McCall*, No. E2000-02012-COA-R3-CV, 2001 WL 327918 (Tenn. Ct. App. Apr. 3, 2001). In *Everett*, the plaintiff filed a complaint for medical malpractice in 1998, alleging that the defendant doctor was negligent in failing to perform appropriate testing on the plaintiff's decedent. *Id.* at *1. The defendant answered the complaint, denying the allegations of negligence and alleging that other doctors were responsible for the decedent's injuries. The parties exchanged interrogatories, but the case lay dormant until defendant filed a motion for summary judgment in February 2000. The defendant argued in his motion that he complied with the appropriate standard of care. *Id.* at *2. The plaintiff responded with a Rule 56.07 motion and affidavit, asking that discovery be conducted prior to the motion for summary judgment being heard. In particular, the plaintiff asserted that he could not obtain an expert opinion until the defendant's deposition was completed. The motion for summary judgment was heard in March 2000. The trial court granted the motion because the plaintiff filed no countervailing affidavit. *Id.*

The Court of Appeals reversed the decision of the trial court. First, the Court noted that summary judgment is only appropriate when the non-moving party cannot show a dispute of material fact "after a sufficient time for discovery has elapsed[.]" *Id.* (citing ***Byrd v. Hall***, 847 S.W.2d 208 (Tenn. 1993)). The Court concluded that the trial court's focus on the lack of discovery following the filing of the complaint was not appropriate:

> The plaintiff is taken to task, not only by the defendant, but by the trial judge, for his failure to discover the defendant during the two, perhaps three, years of the pendency of the action. We reflect that the plaintiff was not required to take any action other than normal trial preparation until the motion for summary judgment was filed, when the requirement of *Byrd, supra,* that the plaintiff *must be given a sufficient time for discovery* was triggered. It cannot be seriously argued that in light of the fact that the motion for summary judgment was filed February 8, 2000, and heard March 17, 2000, the plaintiff was given a "sufficient time for discovery."

*Id.* Thus, we held that the trial court abused its discretion in failing to allow the plaintiff additional time to take discovery. This Court reached the same conclusion somewhat more recently. *See **Grisham v. McLaughlin***, No. M2004-01662-COA-R3-CV, 2006 WL 1627274, at *7 (Tenn. Ct. App. June 12, 2006) ("We find the trial court's emphasis on the discovery efforts immediately after the filing of the complaint was inconsistent with Tenn. R. Civ. P. 56.07 and that the trial court should have focused its attention on the adequacy of the efforts to obtain an opposing affidavit after the summary judgment motion was filed. The undisputed facts regarding the events occurring after [the defendants] filed their summary judgment motion provide ample basis for granting [the plaintiff] additional time to obtain and submit an affidavit opposing the summary judgment motion.").

Respectfully, the case-at-bar is distinguishable from ***Everett*** and similar cases. In ***Everett***, the defendant's motion for summary judgment was based on the defendant's assertion that he did not violate the applicable standard of care. ***Everett***, 2001 WL 327918, at *2. The plaintiff responded that its own expert needed additional time to review the deposition of the defendant before the plaintiff could file an affidavit rebutting the defendant's assertion regarding the standard of care. *Id.* Thus, the plaintiff in ***Everett*** met his burden to show not only why he was not able to obtain the needed evidence prior to responding to the motion for summary judgment, *see **Kenyon***, 122 S.W.3d at 753 n.7, but also that "'the requested discovery would have assisted [the non-moving party] in responding to [the moving party's] motion for summary judgment.'" ***Cardiac Anesthesia Servs., PLLC v. Jones***, 385 S.W.3d 530, 538 (Tenn. Ct. App. 2012) (quoting ***Regions Financial Corp. v. Marsh USA, Inc.***, 310 S.W.3d 382, 401 (Tenn. Ct. App. 2009)).

The same cannot be said in this case. Both Appellant's and Appellant's counsel's affidavits are totally silent as to why Appellant could not obtain the needed information in time to respond to the motion for summary judgment. Certainly, the above cases suggest

that the proper focus is most often on the non-moving party's efforts following the filing of the motion for summary judgment. *See Grisham*, 2006 WL 1627274, at \*7; *Everett*, 2001 WL 327918, at \*2. But other cases have also considered the non-moving party's diligence throughout the pendency of the action. For example, in *Akers v. Heritage Med. Assocs., P.C.*, No. M2017-02470-COA-R3-CV, 2019 WL 104130 (Tenn. Ct. App. Jan. 4, 2019), *perm. app. denied* (Tenn. May 16, 2019), we held that we were "not persuaded" by the plaintiff's argument that she could not have presented evidence that she had not yet obtained in discovery because the plaintiff "had nearly three years to gather the evidence necessary to prove her case[.]" *Id.* at \*7; *see also Gilchrist v. Aristorenas*, No. W2007-01919-COA-R3-CV, 2008 WL 4981103, at \*6 (Tenn. Ct. App. Nov. 24, 2008) (holding that the court must balance Rule 56.07's protective purpose with the possibility that it may be used "to aid parties who have been lazy or dilatory"; holding that the fact that seven years had passed from the date of injury supported the trial court's decision to deny the plaintiff's request for additional time to respond to discovery). Here, Appellant failed for nearly two years to propound any discovery to the Bank,[6] even after noting in both the motion for more time to answer and the answer that he eventually filed that he was reserving affirmative defenses following discovery. This lack of diligence in propounding discovery during the entire pendency of the case therefore militates in favor of the trial court's discretionary decision to deny Appellant's Rule 56.07 motion.

Even considering only the timeframe following the filing of the summary judgment motion, however, we reach the same conclusion. Unlike *Everett*, in which the motion for summary judgment was heard barely a month following its filing, *see Everett*, 2001 WL 327918, at \*2, the motion for summary judgment in this case was not heard until nearly three months later. Even Appellant's Rule 56.07 motion was not filed until over two months following the filing of the Bank's motion. During that time, Appellant propounded no discovery of any kind, despite there being no prohibition on doing so. Nothing in Appellant's motion indicates why at least some discovery could not be had during that time frame. Thus, this case is simply not analogous to those cases in which the non-moving party met its burden to show that it was not a lack of diligence that prevented it from obtaining evidence with which to respond to a motion for summary judgment. *See, e.g.*, *Grisham*, 2006 WL 1627274, at \*7 (noting that the defendants' motion practice gave the

---

[6] In his brief, Appellant states that the Bank failed to cooperate in informal discovery at the commencement of the case. This assertion is not supported by any citation to the record. As we have repeatedly stated, "'[j]udges are not like pigs, hunting for truffles' that may be buried in the record, or, for that matter, in the parties' briefs on appeal." *Cartwright v. Jackson Cap. Partners, Ltd. P'ship*, 478 S.W.3d 596, 616 (Tenn. Ct. App. 2015) (internal citation omitted) (citing *Flowers v. Bd. of Professional Responsibility*, 314 S.W.3d 882, 899 n.35 (Tenn. 2010); *Coleman v. Coleman*, No. W2011-00585-COA-R3-CV, 2015 WL 479830, at \*9 (Tenn. Ct. App. Feb. 4, 2015)); *see also* Tenn. R. App. P. 27(a) (requiring that factual assertions in parties' briefs be supported by references to the record). Appellant's counsel's affidavit includes no such assertion. Moreover, in Appellant's response to the Bank's motion for summary judgment, he asserts that neither party had "begun any discovery." As such, we will not consider this unsupported assertion further.

- 11 -

plaintiff only fifteen days to obtain a signed transcript from a deposition and obtain an expert opinion and affidavit from her own expert to rebut the motion for summary judgment).

Additionally, Appellant has also failed to establish how the requested discovery was necessary to respond to the motion for summary judgment. *See Cardiac Anesthesia*, 385 S.W.3d at 538. Here, Appellant's counsel's affidavit in support of the Rule 56.07 motion stated that discovery was "needed to ascertain facts which would enable [Appellant] to respond to [the Bank's] motion for summary judgment[.]" As to what facts specifically needed to be discovered, Appellant offered the following: "whether or not there was misconduct or an irregularity in the [Bank's] foreclosure sale; and whether or not [the Bank] sold [Appellant's] properties for amounts materially less than the fair market value of the properties."[7] Thus, Appellant asserts that discovery is needed to determine whether there were irregularities in the foreclosure sale or if the price was inadequate.

But of course, as previously discussed, Appellant did not raise these admittedly affirmative defenses in his answer, and they were waived as a result. And even if the circumstances would have permitted an amendment to Appellant's pleading to raise these affirmative defenses, Appellant simply never requested that relief. Because Appellant had waived consideration of any affirmative defenses based on inadequate price or irregularities with the foreclosure sale, his lack of discovery on these issues has no bearing on his ability to respond to the Bank's motion for summary judgment. *Cf. Elaster v. Massey*, No. E2017-00020-COA-R3-CV, 2018 WL 1040112, at *7 (Tenn. Ct. App. Feb. 22, 2018) (affirming the trial court's denial of a Rule 56.07 motion because "from our review of the contentions on this issue in [the plaintiff's] appellate brief, we fail to discern how [the plaintiff's] inability to obtain details regarding certain allegedly privileged documents had any effect on [the plaintiff's] failure to provide expert proof in this matter[,]" which was the basis for the trial court's grant of summary judgment).

As the Tennessee Supreme Court has explained regarding the abuse of discretion

---

[7] In his affidavit seeking additional time for discovery, Appellant's counsel also stated that discovery was needed to determine whether the Bank breached its duty of good faith and fair dealing. Appellant has apparently abandoned that claim on appeal, as his brief does not mention it. This Court has previously characterized a claim by a defendant that the plaintiff violated the duty of good faith and fair dealing as an affirmative defense. *Mobile Living, Inc. v. Tomlin*, No. 01-A-01-9809-CH00466, 1999 WL 557606, at *5 (Tenn. Ct. App. Aug. 2, 1999) ("[T]he defendant is entitled to a jury trial on his affirmative defenses of waiver, laches, estoppel, abandonment and breach of duty of good faith and fair dealing."); *cf. Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 7 (Tenn. 2008), *overruled on other grounds by Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235 (Tenn. 2015) (quoting Judy M. Cornett, *The Legacy of Byrd v. Hall: Gossiping about Summary Judgment in Tennessee*, 69 Tenn. L Rev. 175, 189–90, 208 (2001)) ("[A]n affirmative defense is 'a traditional way for the defendant to defeat the plaintiff's claim by carrying its own burden of proof.'"). As such, to the extent that Appellant raised this defense, it suffers from the same infirmities as his other affirmative defenses analyzed in this Opinion.

standard:

> The abuse of discretion standard recognizes that the trial court is in a better position than the appellate court to make certain judgments. The abuse of discretion standard does not require a trial court to render an ideal order . . . to withstand reversal. Reversal should not result simply because the appellate court found a "better" resolution.

*Eldridge v. Eldridge*, 42 S.W.3d 82, 88 (Tenn. 2001). Here, the trial court had valid reasons for denying Appellant's motion for a continuance to conduct discovery under Rule 56.07. As a result, we cannot conclude that the trial court's decision to deny Appellant's motion applied an incorrect standard or was against logic or reasoning. *See Milan Supply Chain*, 627 S.W.3d at 142. Appellant has therefore not met his burden to show that the trial court's decision was an abuse of discretion. The denial of Appellant's Rule 56.07 motion is therefore affirmed.

## C.

Finally, Appellant argues that the trial court erred in granting the Bank's motion for summary judgment. Summary judgment is appropriate when there are no genuine disputes of material fact and the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04. The trial court's decision to grant or deny a motion for summary judgment is reviewed de novo with no presumption of correctness. *Bowers v. Estate of Mounger*, 542 S.W.3d 470, 477 (Tenn. Ct. App. 2017).

In particular, Appellant argues that his affidavits and the documents attached thereto were sufficient to create a dispute of material fact concerning the adequacy of the purchase price of the property at the foreclosure sale, as the price realized at the foreclosure sale was less than even the assessed values of the property. Thus, all of Appellant's arguments concerning the correctness of the trial court's grant of summary judgment to the Bank relate to his claim that there was "inadequate consideration." Though certainly not dispositive, these documents indeed could be relevant to the question of whether the foreclosure sales price was inadequate under section 35-5-118(b). As we have explained ad nauseum, however, Appellant waived any affirmative defense he may have had concerning the adequacy of the price obtained at the foreclosure sale. Thus, these arguments do not undermine the trial court's conclusion that summary judgment to the Bank on its claim for a judgment on the outstanding indebtedness was appropriate.

Appellant makes no further argument concerning the propriety of the grant of summary judgment to the Bank. Our de novo review of the record indicates that the trial court correctly granted summary judgment to the Bank. *See Bowers v. Estate of Mounger*, 542 S.W.3d 470, 477 (Tenn. Ct. App. 2017) (quoting *Rye*, 477 S.W.3d at 250) (holding that when reviewing the trial court's decision on summary judgment, we "must make a

fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied"). Here, the Bank's statement of undisputed material facts asserted that the Bank loaned Appellant money, that he failed to pay as promised, and that the amount still due on the loan was $87,857.61, plus interest and attorney's fees. Although Appellant set forth his own set of facts in his response to the Bank's motion and generally questioned how the Bank had come to the $87,857.61 figure, he did not respond in any manner to the Bank's statement of undisputed material facts. As a result, the trial court properly determined that these facts should be deemed admitted. *See **Holland v. City of Memphis***, 125 S.W.3d 425, 428 (Tenn. Ct. App. 2003) (citing Robert Banks, Jr. & June F. Entman, *Tennessee Civil Procedure* § 9–4(I)(1999)) ("Thus the material facts set forth in the statement of the moving party may be deemed admitted in the absence of a statement controverting them by the opposing party."); *see also* Tenn. R. Civ. P. 56.03 (emphasis added) ("Any party opposing the motion for summary judgment *must*, not later than five days before the hearing, serve and file a response to each fact set forth by the movant either (i) agreeing that the fact is undisputed, (ii) agreeing that the fact is undisputed for purposes of ruling on the motion for summary judgment only, or (iii) demonstrating that the fact is disputed."). As a result, Appellant admitted that he owed an outstanding balance on a debt to the Bank of $87,857.61, plus interest and attorney's fees, and the trial court did not err in granting summary judgment to the Bank for that amount. Appellant's failure to respond to the statement of undisputed material facts therefore unfortunately "prove[d] fatal in the trial court and upon appeal." ***Holland***, 125 S.W.3d at 428–29 (citing **Mark VII Transp. Co. v. Belasco**, No. W2002-00450-COA-R3-CV, 2002 WL 31895714, at * 4–5 (Tenn. Ct. App. Dec. 30, 2002)). The trial court's decision to grant summary judgment to the Bank is therefore affirmed.[8]

## IV. Conclusion

The judgment of the Montgomery County Circuit Court is affirmed, and this cause is remanded for all further proceedings as are necessary and consistent with this Opinion. Costs of this appeal are assessed to Appellant, George Raymond Fleming, Jr., for which execution may issue if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE

---

[8] Nothing in Appellant's brief challenges the trial court's calculation of interest or attorney's fees.